YORKE MANAGEMENT *vs.* ELIZABETH CASTRO & another.[1]

Middlesex. October 4, 1989. - November 7, 1989.

Present: LIACOS, C.J., WILKINS, NOLAN, & LYNCH, JJ.

*Landlord and Tenant,* Attorney's fees. *Consumer Protection Act,* Attorney's fees. *Practice, Civil,* Appeal, Attorney's fees.

A party's right to recover attorney's fees pursuant to G. L. c. 186, §§ 14 & 18, and c. 93A, § 9(4), includes attorney's fees for an appeal. [18-19]
Appellate attorney's fees under G. L. c. 186, §§ 14 & 18, and c. 93A, § 9(4), may be awarded only as directed by an appellate court. [19-20]
Statement of the procedure to be followed by a party seeking appellate attorney's fees in a case where the rule announced in *Mellor* v. *Berman,* 390 Mass. 275 (1983), is applicable. [20]

SUMMARY PROCESS. Writ in the Framingham Division of the District Court Department dated January 15, 1986.

On appeal to the Superior Court Department the case was heard by *Jeremiah J. Sullivan,* J., sitting under statutory authority.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Joseph L. McQuade* for the plaintiff.

*Toni Lee Pearson* for the defendant.

*Joseph L. Kociubes, David L. Smith, Allan G. Rodgers, Daniel S. Manning, Marjorie Heins, J. Paterson Rae, Benjamin Fierro, III, & Rudolph F. Pierce* for Massachusetts Law Reform Institute & others, amici curiae, submitted a brief.

NOLAN, J. The plaintiff (Yorke) filed a summary process action in the Framingham Division of the District Court Department seeking unpaid rent and possession. The defendant (Castro) counterclaimed for damages for breach of warranty

---

[1]Melvin Castro. We shall refer to a single defendant.

of habitability and interference with quiet enjoyment under G. L. c. 186, § 14 (1988 ed.), for retaliatory eviction pursuant to G. L. c. 186, § 18 (1988 ed.), and for unfair and deceptive practices under G. L. c. 93A, § 2 (1988 ed.). The complaint for possession was dismissed as moot because Castro vacated the premises. A judgment was entered on Castro's counterclaims and Castro's motion for attorney's fees and costs was allowed.

On Yorke's appeal, a bench trial de novo was held in the Superior Court. A stipulation was filed to the effect that no rent was due. The counterclaims remained and a judgment on them was entered for Castro. The judge made detailed findings and substantially correct conclusions of law. Attorney's fees and costs for the District Court proceeding were awarded and a motion for attorney's fees and costs of the Superior Court action was allowed. Yorke appealed to the Appeals Court.

In an unpublished memorandum and order under Appeals Court Rule 1:28, the judgment of the Superior Court was affirmed. However, the Appeals Court was silent as to Castro's request for appellate attorney's fees.

We treat as entirely correct the memorandum of the Appeals Court. We granted Castro's application for further appellate review to consider the question of attorney's fees for appeals[2] under G. L. c. 186, §§ 14, 18 and c. 93A, § 9 (4) (1988 ed.).

1. *The appropriateness of appellate attorney's fees.* The commonly accepted American rule is that the prevailing party is not entitled to attorney's fees, except in four limited instances: (1) as costs, in accordance with specific statutes or rules of court; (2) as damages, in certain circumstances; (3) consistent with statutory provisions "under some of which the allowance may not be clearly categorized or may not be cate-

---

[2]We gratefully acknowledge the consolidated brief of amici curiae in behalf of Greater Boston Legal Services, Western Massachusetts Legal Services, Inc., Boston Bar Association, Massachusetts Law Reform Institute, Civil Liberties Union of Massachusetts, and Massachusetts Bar Association.

gorized at all"; (4) pursuant to a valid contractual provision or stipulation. *Bournewood Hosp., Inc.* v. *Massachusetts Comm'n Against Discrimination*, 371 Mass. 303, 311-312 (1976).

We have recognized the explicit language of G. L. c. 186, § 14, which provides for payment of attorney's fees, and this language is *not* limited to attorney's fees for trial proceedings. See *Darmetko* v. *Boston Hous. Auth.*, 378 Mass. 758, 765 (1979). Similarly, we approved the award of attorney's fees under G. L. c. 186, § 18, where the statutory language is equally clear and not limited to attorney's fees for trial proceedings. See *Ianello* v. *Court Management Corp.*, 400 Mass. 321, 325 (1987). The language of G. L. c. 93A, § 9 (4), leaves no doubt as to the right to recover attorney's fees without any suggestion that fees for the appeal are excluded. See *Kohl* v. *Silver Lake Motors, Inc.*, 369 Mass. 795, 801 (1976). The statutory provisions for a "reasonable attorney's fee" would ring hollow if it did not necessarily include a fee for the appeal. The right to appellate attorney's fees under these statutes is beyond dispute.

2. *Procedure for the award of attorney's fees for appellate work.* A more difficult question is whether the rule which we announced in *Mellor* v. *Berman*, 390 Mass. 275, 284 (1983), to the effect that "[n]either appellate costs nor attorney's fees for the appeal can be imposed by a trial court absent authorization by an appellate court or by virtue of a rule or statute," applies to attorney's fees for appellate work under the statutes in the present case. We have treated as discretionary in the appellate court the award of attorney's fees on appeal where a statute provides for the payment of reasonable attorney's fees. *Patry* v. *Liberty Mobilehome Sales, Inc.*, 394 Mass. 270, 272 (1985). Although, in *Mellor*, the court was deciding the issue under G. L. c. 186, § 15B, a statute which does not figure in the present case, the rule has been extended to the award of appellate attorney's fees under the statutes in the present case. See *Patry* v. *Liberty Mobilehome Sales, Inc., supra.*

We are asked to abandon the *Mellor* rule in favor of a practice which would permit a trial judge to award attorney's fees for appellate services without any authorization from an appellate court. Despite the force and diversity of the arguments for abandonment of the *Mellor* rule, we conclude that the rule is sound.

An appellate court is in a far better position to evaluate the worth of the appellate work than the trial judge. The Justice of the appellate court who writes the opinion for the court develops nothing short of an intimacy with the record on appeal and the briefs. An appellate Justice on the quorum or panel which hears and decides the appeal develops a knowledge of the case and the value of the work of the attorney who seeks compensation. A trial judge simply cannot bring to bear this familiarity with the appellate work.

3. *The procedure under* Mellor *v.* Berman. If *Mellor* has left the bar unclear as to the procedural requirements of an award of legal fees for appellate work, we set them forth.

A party who seeks an award of appellate attorney's fees should request them in his brief. If such party does not prevail, he is not entitled to fees, though no harm accrues from the request. If such party prevails, he may then submit his petition for fees together with the necessary back-up material and details as to hours spent, precise nature of the work, and fees requested. The other party should be given a reasonable time to respond. The appellate Justice who considers the petition may request more data and may set down the matter for hearing with notice to the other party. This procedure places no greater burden on the parties than the procedure requested before the trial judge.

*Judgment of the Superior Court affirmed.*