JAMES BONOFIGLIO *vs.* COMMERCIAL UNION INSURANCE
COMPANY.

Worcester. January 6, 1992. - May 11, 1992.

Present: ABRAMS, LYNCH, O'CONNOR, & GREANEY, JJ.

*Practice, Civil*, Attorney's fees. Appeal. *Consumer Protection Act*, Attorney's fees, Offer of settlement.

An insured who prevailed on a claim under G. L. c. 93A, alleging unfair settlement practices by an insurance company, was entitled to recover his reasonable attorney's fees incurred in successfully opposing the company's appeal from the denial of its motion for judgment notwithstanding the verdict, as well as his additional fees and costs in connection with his motion for appellate attorney's fees. [613-614, 615]

An insured who prevailed on a claim under G. L. c. 93A, alleging unfair settlement practices by an insurance company, was not entitled to recover the attorney's fees he incurred in prosecuting his own unsuccessful appeal on the issue of damages. [614-615]

CIVIL ACTION commenced in the Superior Court Department on April 13, 1990.

After review reported at 411 Mass. 31 (1991), a motion for appellate attorney's fees was heard by *Nolan*, J., and was referred by him to the full court.

*David A. Wojcik* for the plaintiff.

*Richard L. Neumeier* for the defendant.

ABRAMS, J. Last year, we affirmed a judgment for the plaintiff, James Bonofiglio, against his insurer, Commercial Union Insurance Company (Commercial Union), for unfair settlement practices. *Bonofiglio* v. *Commercial Union Ins. Co.*, 411 Mass. 31 (1991). Bonofiglio now asks that we award him counsel fees and expenses for that appeal, as well as the additional fees and costs incurred in this proceeding. Bonofiglio maintains that as he prevailed in the Superior Court and his judgment was undisturbed on appeal, he is en-

titled to counsel fees and expenses associated with both his
appeal and this proceeding, as well as Commercial Union's
cross-appeal. Commercial Union replies that Bonofiglio
should not be permitted to collect fees or expenses because
he refused an offer of settlement after judgment. We con-
clude that Bonofiglio is entitled to recover fees and expenses
incurred in defending against Commercial Union's unsuc-
cessful cross-appeal as well as those incurred in this proceed-
ing but not those incurred in pursuing his own unsuccessful
appeal. We therefore order that judgment enter for Bonofig-
lio for reasonable appellate attorney's fees and costs associ-
ated with the cross-appeal and this proceeding. We refer the
matter to the single justice for determination of that amount.

In appropriate circumstances, appellate counsel fees may
be awarded in claims under G. L. c. 93A. See *Haddad* v.
*Gonzalez*, 410 Mass. 855, 873 (1991); *McEvoy Travel Bu-
reau, Inc.* v. *Norton Co.*, 408 Mass. 704, 719-720 (1990);
*Yorke Management* v. *Castro*, 406 Mass. 17, 19 (1989). See
also *Patry* v. *Liberty Mobilehome Sales, Inc.*, 394 Mass.
270, 272 (1985); *Linthicum* v. *Archambault*, 379 Mass. 381,
389 (1979). The power to award counsel fees is discretionary
in the appellate court. *Patry* v. *Liberty Mobilehome Sales,
Inc.*, *supra* at 272, and cases cited. In general, a litigant
must qualify as a "prevailing party" in order to qualify for
an award of attorney's fees.[1] *Yorke Management* v. *Castro*,
*supra* at 18-19, citing *Bournewood Hosp., Inc.* v. *Massachu-
setts Comm'n Against Discrimination*, 371 Mass. 303, 311-
312 (1976).

*Yorke Management* v. *Castro*, *supra*, is strikingly similar
to this case. The defendant sought attorney's fees and costs
after prevailing on a counterclaim. Attorney's fees and costs
were allowed, and the plaintiff appealed. We granted further
appellate review to consider whether appellate attorney's fees
and costs were due under G. L. c. 186, §§ 14, 18, and c.
93A, § 9 (4) (1990 ed.). We said: "The language of G. L. c.

---

[1]There is no dispute that Bonofiglio was the prevailing party at trial.
There is therefore no claim that the award of fees for trial was in error.

93A, § 9 (4), leaves no doubt as to the right to recover attorney's fees without any suggestion that fees for the appeal are excluded. . . . The statutory provisions for a 'reasonable attorney's fee' would ring hollow if it did not necessarily include a fee for the appeal. The right to appellate attorney's fees under [the] statute[ ] is beyond dispute." [Citation omitted.] *Yorke Management* v. *Castro, supra* at 19. Bonofiglio therefore is entitled to reasonable attorney's fees incurred in opposing Commercial Union's cross-appeal as well as fees and costs associated with this proceeding.[2] He is not, however, entitled to attorney's fees for prosecuting his own unsuccessful appeal.

Bonofiglio argues that he should be awarded fees and expenses for his appeal because his attorney was ethically bound by their contingent fee agreement to pursue all non-frivolous avenues of appeal. The short answer to that argument is that contingent fee agreements are within the American rule "that the *prevailing* party is not entitled to attorney's fees, except in four limited circumstances" (emphasis added). *Yorke Management* v. *Castro, supra* at 18. Bonofiglio did not prevail on his appeal. His case, therefore, is not within any exception to the American rule.

Bonofiglio also argues that, in considering an award of appellate fees and costs, a court should view the case as a whole and not divide it into parts. See *Commissioner, INS* v. *Jean,* 496 U.S. 154 (1990). In that case, the Supreme Court considered whether, under the Equal Access to Justice Act, 28 U.S.C. § 2412 (1988), a private party who prevailed in litigation against the United States could recover fees incurred in litigating the proper amount of a fee award that previously had been ordered. *Id.* The Supreme Court concluded that the position of the United States at trial was not substantially justified; the Court further concluded that the position of the United States in contesting the amount of the fee award was substantially justified. The Court held, however, that, for the

---

[2]Had Commercial Union not cross-appealed, Bonofiglio would not have been entitled to recover any attorney's fees.

purposes of a fee award under the Equal Access to Justice Act, the absence of substantial justification in the position of the United States at trial supported an award of fees incurred in litigating the proper amount of the fee award. In that context, the Supreme Court reasoned that a litigant's right to recover attorney's fees expended in litigating the reasonable amount of fees already awarded for prevailing at trial did not require a separate determination from the original fee award. In the present case, the issue is whether a litigant's right to recover appellate attorney's fees and costs is distinct from the litigant's right to recover fees and costs for trial. The Supreme Court's rationale in *Commissioner, INS* v. *Jean, supra,* therefore is inapplicable.

Commercial Union argues that Bonofiglio is not entitled to any award of counsel fees and expenses because he refused Commercial Union's postjudgment offer of settlement. After judgment entered, and after both parties filed notices of appeal, Commercial Union offered to pay Bonofiglio the full amount of the judgment plus interest[3] and to drop the cross-appeal in return for Bonofiglio's promise to discontinue his appeal.

Having prevailed in Superior Court, Bonofiglio was entitled to receive from Commercial Union the full amount of the judgment plus interest. Commercial Union's offer of settlement, therefore, amounted to a promise by Commercial Union to drop its cross-appeal if Bonofiglio agreed to put aside his appeal. Commercial Union cites no authority for the proposition that Bonofiglio's refusal to do so bars him from collecting counsel fees incurred in defending the cross-appeal.[4]

---

[3]Bonofiglio disputes that Commercial Union offered him the full amount of the judgment plus interest. The disagreement between the parties relates to the correct calculation of interest. Given our resolution of the issue, we need not reach this question. For the purposes of decision, therefore, we assume, without deciding, that Commercial Union offered to pay Bonofiglio the full amount of the judgment plus interest.

[4]Commercial Union argues that one of the Legislature's purposes in enacting G. L. c. 93A was to promote settlement of claims. See *Slaney* v. *Westwood Auto, Inc.,* 366 Mass. 688, 704 (1975) ("The [c. 93A] demand

We therefore conclude that Commercial Union is liable to Bonofiglio for reasonable appellate attorney's fees and costs in opposing Commercial Union's cross-appeal and for this proceeding. We refer the matter to the single justice for a determination of reasonable appellate attorney's fees and costs on those claims.

*So ordered.*

letter serves a dual function. The first of these functions is to encourage negotiation and settlement . . ."). Although this is correct, it does not support the defendant's conclusion. By making a reasonable offer of settlement in writing within thirty days after receiving a demand letter, a c. 93A defendant may limit damages awarded to the amount of the settlement offer. G. L. c. 93A. Commercial Union's settlement offer, however, was made after judgment, and more than eighteen months after Commercial Union received Bonofiglio's demand letter. The explicit provisions of G. L. c. 93A therefore do not avail Commercial Union. We need not decide whether we would reach a different result had Commercial Union not conditioned its offer of settlement on the discontinuance of Bonofiglio's appeal.