PAUL E. KAPP, SR. *vs.* ARBELLA MUTUAL INSURANCE
COMPANY.

Middlesex. January 5, 1998. - February 12, 1998.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Insurance,* Motor vehicle insurance. *Consumer Protection Act,* Insurance,
Damages, Interest, Unfair or deceptive act, Attorney's fees. *Damages,*
Consumer protection case, Punitive, Attorney's fees. *Statute,* Construction.

In an action brought under G. L. c. 93A and G. L. c. 176D, § 3 (9) (*f*), against
an insurer for unfair settlement practices, in which the judge found that the
insurer acted knowingly or wilfully in violation of the statutes so as to
warrant an award of multiple damages, the judge correctly calculated the
costs and expenses directly resulting from the insurer's conduct by trebling
the interest lost on the funds wrongfully withheld by the insurer. [684-686]
In an action brought under G. L. c. 93A for an insurer's unfair settlement
practices, the record amply supported the judge's award of treble damages
based on his finding of a wilful or knowing violation of c. 93A. [686-687]
A plaintiff who prevailed on a claim under G. L. c. 93A, alleging unfair settle-
ment practices by an insurance company, was entitled to recover the at-
torney's fees incurred in successfully opposing the insurance company's
cross appeal on the issue of treble damages, but not the fees incurred in
prosecuting his own unsuccessful appeal. [687-688]

CIVIL ACTION commenced in the Superior Court Department on
July 20, 1995.

A motion for partial summary judgment was heard by *James
F. McHugh,* J., and the case was heard by *Wendie I. Gershen-
gorn,* J.

The Supreme Judicial Court granted an application for direct
appellate review.

*Paul R. Collier, III (Sharon E. Feigenbaum* with him) for the
plaintiff.

*Allen H. Forbes, III,* for the defendant.

ABRAMS, J. At issue is the proper measure of actual damages
under G. L. c. 93A, § 9 (3). The case arises from a November,
1993, automobile accident that occurred when the defendant's
(Arbella's) insured attempted to make a left turn across two

lanes of oncoming traffic. The insured's van collided with the plaintiff's motorcycle, causing serious injury to the plaintiff. Arbella's insured admitted he did not see the plaintiff's vehicle prior to the collision. In September, 1994, the plaintiff sent Arbella a c. 93A demand letter for payment of the full $100,000 limit of the policy that Arbella had issued to the insured. Despite knowing that its insured was liable and that the plaintiff's damages exceeded the policy limit, Arbella refused to pay the plaintiff unless he agreed to release the insured from further claims.[1] The plaintiff refused to grant the release and filed suit, alleging unfair and deceptive claim settlement practices in violation of G. L. c. 176D and c. 93A. The plaintiff sought damages in the face amount of the policy, trebled, plus attorney's fees and costs. At the time he filed his c. 93A action, the plaintiff had not obtained a judgment on Arbella's insured's liability for the accident.

Prior to trial, a judge in the Superior Court granted Arbella's motion for partial summary judgment, limiting damages to lost interest on the use of any wrongfully withheld funds. After trial, another judge in the Superior Court found that Arbella's decision to require a release was knowing and wilful and that the insurer's insistence on a release as a condition of payment was an unfair and deceptive insurance practice in violation of G. L. c. 176D, § (3) (9) (f), and G. L. c. 93A, § 9, under the rule announced in *Thaler* v. *American Ins. Co.*, 34 Mass. App. Ct. 639 (1993). The court ordered judgment in favor of the plaintiff in the amount of $24,000, representing interest on the maximum policy limits during the period the claim was unpaid. Pursuant to c. 93A, § 9 (3), the court trebled this amount and awarded attorney's fees and costs to the plaintiff. The plaintiff appeals from the amount of damages awarded and the entry of summary judgment against him. Arbella cross-appeals from the trebling of the judgment at trial. We granted the plaintiff's application for direct appellate review. For the reasons stated in this opinion, we affirm the judgments.

1. The plaintiff argues that the actual damages for the purpose

---

[1]A Superior Court judge found that Arbella adopted its claims investigator's opinion that liability was reasonably clear: "[w]e [are] in a difficult position relative to liability on this matter. . . . The facts still stand that the proximate cause of this loss was the insured's failure to use care in turning. Obviously this is an extremely harmful situation for the insured relative to liability." Arbella also concluded that the plaintiff's damages exceeded the $100,000 policy limit.

of a c. 93A award include both the wrongfully withheld policy proceeds and the interest on that amount. Under G. L. c. 93A, § 9 (3), "if the court finds for the petitioner, recovery shall be in the amount of actual damages or twenty-five dollars, whichever is greater; or up to three but not less than two times such amount if the court finds that the use or employment of the act or practice was a willful or knowing violation of said section two or that the refusal to grant relief upon demand was made in bad faith with knowledge or reason to know that the act or practice complained of violated said section two. *For the purposes of this chapter, the amount of actual damages to be multiplied by the court shall be the amount of the judgment on all claims arising out of the same and underlying transaction or occurrence, regardless of the existence or nonexistence of insurance coverage available in payment of the claim*" (emphasis supplied).

The italicized portion of the statute was inserted by St. 1989, c. 580, § 1. Prior to the enactment of this 1989 amendment, it was well established that single damages under c. 93A, § 9 (3), were those caused by the unfair practice, and that they were distinct from recovery on the underlying claim. See, e.g., *Bertassi* v. *Allstate Ins. Co.*, 402 Mass. 366, 372 (1988); *DiMarzo* v. *American Mut. Ins. Co.*, 389 Mass. 85, 101-102 (1983). The plaintiff argues that the 1989 amendment did away with this distinction, and established as the measure of actual damages under c. 93A the damages on the underlying claim added to the loss of use of wrongfully withheld funds.

The language of the 1989 amendment does not support the plaintiff's construction of the statute. As the Appeals Court recently explained: "The sentence preceding the amendment tells us that single recovery shall be 'the amount of actual damages,' meaning the (foreseeable) loss to the claimant caused by the violation, this amount to be doubled or tripled where the violation was in bad faith. The amendment goes on to say that in the particular situation where a claimant has recovered a judgment on the underlying claim, 'actual damages' shall be taken to be the amount of the judgment for the purpose of bad faith multiplication (and for that purpose only)." *Yeagle* v. *Aetna Cas. & Sur. Co.*, 42 Mass. App. Ct. 650, 653-654 (1997).

The added language was inserted in response to cases which limited those damages subject to multiplication under c. 93A to loss of use damages, measured by the interest lost on the amount

the insurer wrongfully failed to provide the claimant. See, e.g., *Clegg* v. *Butler*, 424 Mass. 413, 424 (1997); *Yeagle, supra* at 655. It was aimed at the situation where a defendant insurer, acting in bad faith, failed to settle a claim reasonably, obliging the plaintiff to litigate unnecessarily. *Clegg, supra* at 425; *Yeagle, supra*. The 1989 amendment provides that a bad faith defendant risks multiplication of the judgment secured by the plaintiff on the underlying claim, thereby risking exposure to punitive damages many times greater than multiplication of the lost use of money alone. *Yeagle, supra*.

As *Yeagle* explained, there is a distinction in c. 93A "between violations that consist of unfair or deceptive acts or practices, simpliciter, and those that are knowing or wilful or actuated by bad faith. The former are sanctioned by compensatory 'single' damages. Damages for the latter more serious violations are avowedly punitive — and can be very heavily so when the amendment applies. The effect of making single damages correspond with . . . the underlying claim[] . . . would be to cross the established line, to change the character of the sanction for the lesser violations and load it with a punitive factor. It is one thing to aggregate multiple awards, as the amendment does. It is another thing to redesign single awards and make these punitive also. Before such a structural change is introduced and enforced by the courts there ought to be better evidence than we can find of a legislative purpose to encompass it by the terms of the amendment." *Yeagle, supra* at 655-656. Therefore, in cases such as the one before us, "[w]here there has been no judgment [on the underlying claim], our previous rule remains in effect: base damages are calculated according to the interest lost on the money wrongfully withheld by the insurer, compensating claimants for 'the costs and expenses directly resulting from the insurer's conduct.' " *Clegg, supra* at 425, quoting S. Young, Chapter 93A and the Insurance Industry § 14.19, Chapter 93A Rights and Remedies (Mass. Continuing Legal Educ. 1996 & Supp. 1996).

2. Arbella claims on cross appeal that the trial judge's award of multiple damages was inappropriate. Punitive damages are proper where the evidence warrants a finding of a wilful or knowing violation of G. L. c. 93A. See *Service Publ., Inc.* v. *Goverman*, 396 Mass. 567, 578 n.13 (1986). Nor will we "disturb a judge's findings of fact in a c. 93A claim unless those findings are clearly erroneous." *Clegg, supra* at 420.

Arbella contends that its insistence on a release was motivated

by a good faith misunderstanding of the requirements of *Thaler* v. *American Ins. Co.*, 34 Mass. App. Ct. 639 (1993). It claims that it read *Thaler* as establishing a rule that an insurer violates c. 176D and becomes subject to the penalties of c. 93A if it demands a release where it is undisputed that 100% liability rested with the insured. In this case, claims Arbella, although it was "reasonably clear" that the "majority of the liability rested with its insured," the complete liability of the insured was not "undisputed."

Arbella's claim is without merit. The trial judge explicitly determined that Arbella concluded that its insured was fully liable and that Arbella never made any reference to the plaintiff's negligence until he initiated his c. 93A action. Thus, even under Arbella's incorrect reading of the requirements of *Thaler*, Arbella was obligated to make payment to the plaintiff without requiring a release. Arbella failed to respond to the plaintiff's initial demand letter within the statutory period. When Arbella responded to the plaintiff's second demand letter, it insisted on a release despite knowing that this was improper under *Thaler*. Further, it made representations to the plaintiff which it knew to be false.[2] The record amply supports the trebling of damages.

3. The plaintiff also seeks costs and attorney's fees arising from the prosecution of his appeal. Because he did not prevail on his appeal, he is not entitled to costs and attorney's fees arising from that appeal. See *Yorke Mgt.* v. *Castro*, 406 Mass. 17, 20 (1989). He is, however, entitled to costs and attorney's fees incurred in opposing Arbella's cross appeal. See *Bonofiglio* v. *Commercial Union Ins. Co.*, 412 Mass. 612, 614 (1992). *Bonofiglio* is a strikingly similar case. A plaintiff prevailed on a c. 93A claim against an insurer for unfair settlement practices. The plaintiff unsuccessfully appealed on the issue of damages and the insurer unsuccessfully cross-appealed. We awarded the plaintiff costs and attorney's fees relating to his opposition to the insurer's unsuccessful cross appeal, but not costs and fees arising from his own unsuccessful appeal. We said: "The language of G. L. c. 93A, § 9 (4), leaves no doubt as to the

---

[2]Arbella represented to the plaintiff that it believed speed was a factor in the accident and that the plaintiff was partially at fault. This statement was knowingly false in three regards: Arbella knew that speed was not a factor in the accident; it never believed that speed was a factor; and Arbella knew that "the proximate cause of this loss was [its] insured's failure to use care in turning."

right to recover attorney's fees without any suggestion that fees for the appeal are excluded. . . . The statutory provisions for a 'reasonable attorney's fee' would ring hollow if it did not necessarily include a fee for the appeal. The right to appellate attorney's fees under [the] statute[] is beyond dispute." *Bonofiglio, supra* at 613-614, quoting *Yorke Mgt.* v. *Castro, supra* at 19. The same reasoning applies here.

4. The order of the Superior Court entering partial summary judgment in favor of Arbella is affirmed. The judgment of the Superior Court in favor of the plaintiff is affirmed. The matter is referred to the county court for a determination of reasonable attorney's fees and costs relating to the plaintiff's opposition to Arbella's cross appeal.

*So ordered.*