Toomey, J.
The Liquor Liability Joint Underwriting Association of Massachusetts (“LLJUA”), the insurer of defendant, O’Connor Cafe of Worcester, Inc., dba Leitrum Pub (“Leitrum”), has moved for leave to intervene in the instant action in order that LLJUA might proceed with an appeal from which its insured, Leitrum, has withdrawn. LLJUA contends that, because plaintiffs have a potential G.L.c. 93A claim against it (derived from Leitrum’s assignment of its rights against LLJUA to plaintiffs), LLJUA’s interest in the instant action is sufficient to warrant intervention as a matter of right pursuant to Mass.R.Civ.P. 24(a). LLJUA also argues, alternatively, that the Court, in its discretion, should permit it to intervene under Mass.RCiv.P. 24(b).
Prior to LLJUA’s motion to intervene, plaintiffs moved to dismiss Leitrum’s appeal for the reason that Leitrum, as appellant, had withdrawn from that appeal. The Court deferred disposition of plaintiffs’ motion to dismiss until it had determined whether LLJUA would be permitted to intervene and prosecute Leitrum’s appeal. For the reasons set forth below, LLJUA’s motion to intervene is denied, and plaintiffs’ motion to dismiss is allowed.
BACKGROUND
The following facts are undisputed. Lynn Bolden was involved in a motor vehicle accident while a passenger in a vehicle operated by Marie Little (“Ms. Little”). Geraldine Bolden (“Ms. Bolden”), in her representative and individual capacity, brought this action alleging that, prior to the accident, Leitrum served alcoholic beverages to Ms. Little although it knew or should have known that Ms. Little was intoxicated. LLJUA, as Leitrum’s insurer, agreed to defend Leitrum during the trial. On August 21, 1997, the jury reached a verdict for the plaintiffs, awarding them approximately $21,000,000 in damages. LLJUA, on August 29, 1997, tendered its policy limits, $100,000, to Ms. Bolden, thereby releasing itself from any and all liability to plaintiffs for that portion of the instant judgment exceeding the $100,000 policy limits. A corrected judgment was entered on September 8, 1997. Leitrum, in October 1997, timely filed a Notice of Appeal and LLJUA agreed to fund the appeal.
On October 8, 1997, Ms. Bolden and Leitrum entered into an Assignment and Release Agreement whereby Leitrum agreed to withdraw its appeal and assign to Ms. Bolden any claims Leitrum might have against LLJUA for LLJUA’s alleged failure to settle the *40 instant action for the policy limits prior to trial. In return, Ms. Bolden agreed not to execute the $21,000,000 judgment obtained against Leitrum and agreed to release Leitrum from any and all liability in connection with the instant action.
On December 1, 1997, plaintiffs, acting under the assignment to them of Leitrum’s rights against LLJUA, sent LLJUA a demand letter, pursuant to G.L.c. 93A, alleging wrongful failure to settle plaintiffs’ claims against Leitrum prior to trial and demanding the full amount of the judgment obtained against Leitrum. Plaintiffs have not, as of this writing, brought suit against LLJUA under the assignment or otherwise.
DISCUSSION
I. INTERVENTION AS A MATTER OF RIGHT
Mass.R.Civ.P. 24(a) provides that ”[u]pon timely application anyone shall be permitted to intervene in an action ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant’s interest is adequately represented by existing parties.” LLJUA claims that its interest in the instant action is its prospective liability for the amount of the judgment obtained by plaintiffs and that LLJUA’s exposure emanates from the fact that plaintiffs have released Leitrum from any liability-on the judgment and have made a demand on LLJUA for the entire amount of the judgment. LLJUA concludes, therefore, that its interest is sufficient to support intervention as a matter of right.
LLJUA’s claim that plaintiffs’ demand on LLJUA for the $21,000,000 judgment demonstrates that LLJUA has an interest in the instant action is not persuasive as that demand was not made in execution of the underlying tort judgment against Leitrum, but was made pursuant to G.L.c. 93A for damages allegedly caused by LLJUA’s failure to settle plaintiffs’ claims prior to trial. LLJUA’s actual objective in the instant action is, therefore, to prevent — via the appellate process — plaintiffs from preserving their large damage award against LLJUA’s insured, the defendant Leitrum, which award might be employed as a basis to calculate damages in a potential c. 93A suit against LLJUA.[1]
There exists, therefore, the potential that the $21,000,000 judgment obtained by plaintiffs against Leitrum will be utilized as the measure of actual damages to be awarded against LLJUA. If bad faith on the part of LLJUA is found, the $21,000,000judgment will constitute “the amount of actual damages to be multiplied.” Id. See Yeagle v. Aetna Casualty & Surety Co., 42 Mass.App.Ct. 650, 653-54 (1997), rev. denied 425 Mass. 1105 (actual damages shall be the amount of the judgment on the underlying claim for the purpose of bad faith multiplication (and for that purpose only); if bad faith is not found, the judgment will not be utilized as the measure of single damages).[2] LLJUA’s concern is thus well founded, but its potential liability to plaintiffs is not sufficient to trigger, on these facts, the right to intervene.
Although the judgment in the underlying action may affect the amount of damages in a potential c. 93A claim against LLJUA, LLJUA’s interest in the present action is remote and contingent. See Travelers Indem. Co. v. Dingwell, 884 F.2d 629 (1st Cir. 1989) (the interest the proposed intervenor had was contingent and not related to the subject matter of the action between the original parties). An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of events before it becomes colorable, is insufficient to warrant intervention as a matter of right. Wash. Elec. Cooperative, Inc. v. Mass. Municipal Wholesale Elec. Co., 922 F.2d 92 (2d Cir. 1990) (interest in action was a double contingency).
LLJUA’s interest in the instant action is contingent upon the happening of three events. In order for LLJUA’s interest to be colorable, plaintiffs must first bring a c. 93A action against LLJUA. Second, LLJUA must be found to be in violation of c. 93A. Third, LLJUA must be found to have violated that chapter in bad faith. See Yeagle, 42 Mass.App.Ct. 650 (the judgment will not be utilized as the basis for single damages as no bad faith was found). Even were LLJUA successfully to argue that the c. 93A action is imminent because plaintiffs have already sent a demand letter, LLJUA would still have to be found in violation of c. 93A, and such violation would have to have been found to have been in bad faith, before the judgment in the instant action would be subject to multiplication in that future c. 93A action. See also Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc., 725 F.2d 871, 875 (1984).
LLJUA’s interest in the instant action is not linked to its insured’s liability or its own liability for any judgment upheld (on appeal) against its insured because both the insured and LLJUA have no further obligations to pay that judgment. Plaintiffs have released Leitrum from all liability and have promised not to execute the judgment. LLJUA has paid its policy limits, thereby releasing itself from any further liability on the judgment pursuant to its policy issued to Leitrum. LLJUA’s only interest in the instant action is to lessen or eliminate the judgment to ensure that the potential damages awarded against it in a possible c. 93A action are likewise minimized or abrogated.
LLJUA’s interest in the instant action is insufficient to warrant intervention as a matter of right.
II. PERMISSIVE INTERVENTION
Mass.R.Civ.P. 24(b) provides that ”[u]pon timely application anyone may be permitted to intervene in an action ... (2) when an applicant’s claim or defense and the main action have a question of law or fact in common ... In exercising its discretion the court shall *41 consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.”
“Although motions to intervene after judgment are seldom ‘timely,’ see [7C] Wright & Miller, Federal Practice & Procedure §1916, at [444-445 (1986)], they may be allowed if the proposed intervenor demonstrates a strong justification for intervention after judgment." (Emphasis in original.) McDonnell v. Quirk, 22 Mass.App.Ct. 126, 132 (1986). “The party seeking intervention at this point must establish a compelling interest in the litigation and must justify its failure to intervene at an earlier stage of the action.” (Emphasis added.) Cruz Management Co., Inc. v. Thomas, 417 Mass. 782, 785 (1984). As discussed above, LLJUA has not established a compelling interest in the litigation between plaintiffs and Leitrum as it absolved itself from all liability for the underlying judgment by tendering its policy limits.
Additionally, LLJUA has failed to allege a claim or defense (in the prospective c. 93A matter) that involves a question of law or fact in common with the main action as required by Mass.R.Civ.P. 24(b). LLJUA’s claim that it desires to pursue the instant appeal in order to argue the merits of the case is no more than a transparent cover for its true goal of protecting itself in a future c. 93A action. LLJUA’s conduct in connection with its settlement efforts — which conduct will be the cynosure of the potential c. 93A matter — has no significant elements of commonality with the instant appellate question of the tort liability of Leitrum, or for that matter, LLJUA, in the underlying action.[3]
Furthermore, if the Court were to permit LLJUA to intervene, the adjudication of the rights of the original parties would be unduly delayed and prejudiced, a result against which Mass.R.Civ.P. 24(b) cautions. To compel plaintiffs and Leitrum to engage unwillingly in the appellate process so that LLJUA might obtain a reduction of plaintiffs’ potential recovery in an, as of yet, unfiled future action (in which recovery may or may not be based on the underlying judgment) would unduly delay and prejudice the adjudication of plaintiffs’ and Leitrum’s rights. Rule 24 does not contemplate such a result.
The case at bar differs from those wherein a defendant refuses to appeal an adverse decision and, therefore, another party intervenes because that judgment may be executed against the intervenor. See, e.g., Meek v. Metropolitan Dade County, Fla., 985 F.2d 1471, 1479 (11th Cir. 1993). Here, LLJUA cannot be held responsible for the underlying judgment as it tendered its policy limits. The judgment under appeal cannot be executed against LLJUA and, as noted supra, the outcome of the appeal would have but remote and contingent impact on LLJUA’s fortunes in the prospective c. 93A suit.
Accordingly, the Court will not allow LLJUA to intervene under Mass.R.Civ.P. 24(b).
ORDER
It is hereby ORDERED that LLJUA’s Motion to Intervene is DENIED, and Plaintiffs’ Motion to Dismiss Leitrum’s Appeal is ALLOWED.

G.L.c. 93A provides, in relevant part:
[I]f the court finds for the petitioner, recovery shall be in the amount of actual damages or twenty-five dollars, whichever is greater: or up to three but not less than two times such amount if the court finds ... a willful or knowing violation ... or ... bad faith ... For the purposes of this chapter, the amount of actual damages to be multiplied by the court shall be the amount of the judgment on all claims arising out of the same and underlying transaction or occurrence, regardless of the existence or nonexistence of insurance coverage available in payment of the claim." c. 93A, §9(3). (Emphasis added.)

The rationale behind using the judgment as the base for multiple damages under c. 93A is that multiple damages are punitive in nature and are “intended to penalize insurers who unreasonably and unfairly force claimants into litigation by wrongfully withholding insurance proceeds.” Clegg v. Butler, 424 Mass. 413, 425 (1997). See Kapp v. ArbellaMut. Ins. Co., 426 Mass. 683, 686 (1998) (“a bad faith defendant risks multiplication of the judgment secured by the plaintiff on the underlying claim, thereby risking exposure to punitive damages many times greater than multiplication of lost use of money alone”).

The Court further notes that the trial of plaintiffs’ suit against Leitrum focused on whether Leitrum’s employees knew or should have known of their patron’s condition when she was served. The quantum of damages was not hotly contested at trial. The prospective c. 93A suit by plaintiffs against LLJUA will involve Leitrum’s liability only tangentially; the essence of that suit will be the lawfulness of LLJUA’s settlement efforts.