TERRENCE O'CONNOR & another[1] *vs.* WILLIAM BROPHY. No. 01-P-126. August 20, 2002. *Consumer Protection Act,* Attorney's fees. *Practice, Civil,* Attorney's fees, Costs, Judicial discretion.

After a bench trial in District Court, judgment was entered for the plaintiffs, Terrence and Peri O'Connor, on their complaint against the defendant, William Brophy. The complaint alleged, in pertinent part, that the defendant had induced the plaintiffs to hire him to perform certain renovation work on their home by falsely representing that the work would be completed within approximately four weeks time, and had thereby violated G. L. c. 93A, § 2. The judgment, as amended, was entered on November 26, 1999, and awarded the plaintiffs $6,400 in actual damages, $6,400 in punitive damages, $2,116.68 in prejudgment interest, $5,714 in attorney's fees, and $237.82 in costs.

The defendant removed the action to the Superior Court pursuant to G. L. c. 231, § 104. The plaintiffs thereafter filed a motion for summary judgment and, in support of this motion, attached a copy of the findings made by the District Court judge as prima facie evidence of the plaintiffs' right to recover the amounts included in the District Court judgment. See G. L. c. 231, §§ 102C, 104. While this motion was pending, the plaintiffs filed a motion for an award of sanctions, costs, and attorney's fees pursuant to G. L. c. 93A, § 9, and G. L. c. 231, § 6F. The motion stated that it was seeking an award of the costs and fees incurred by the plaintiffs in "this forum." It also attached an affidavit of counsel for the plaintiffs that listed only the time that counsel had spent on the litigation after its removal to the Superior Court.

On August 8, 2000, a Superior Court judge allowed the plaintiffs' motion for summary judgment and a judgment was thereafter entered in the plaintiffs' favor on August 25, 2000. The judgment awarded the plaintiffs the same amounts for damages, costs, and attorney's fees as they had been awarded in the District Court, plus further prejudgment interest. On September 12, 2000, however, a second Superior Court judge denied the plaintiffs' motion for sanctions, costs, and fees. The judge wrote that "[i]nterest, costs and attorneys fees were award[ed] by the Court on August 25, 2000. The plaintiffs having recovered for these elements, the motion is denied."

The plaintiff promptly moved for reconsideration of the denial of their motion for sanctions, costs, and fees, pointing out that they were not seeking the costs and fees they had incurred in the District Court and which had already been awarded, but rather were seeking an award of the additional costs and fees they had incurred in pursuing the matter in Superior Court. The second judge allowed such reconsideration but, after holding a hearing, a third Superior Court judge on December 18, 2000, denied the plaintiffs' motion without any statement of reasons. The plaintiffs thereafter filed a timely appeal only from that part of the third judge's decision that denied their request for an award of costs and fees pursuant to G. L. c. 93A, § 9. We reverse.

[1]Peri O'Connor.

*Discussion.* General Laws c. 93A, § 9(4), provides that, if a violation of c. 93A, § 2, has been established, the plaintiff *"shall . . .* be awarded reasonable attorney's fees and costs incurred in connection with said action" (emphasis added). In *Yorke Mgmt.* v. *Castro,* 406 Mass. 17 (1989), the Supreme Judicial Court held that the language of this provision is sufficiently broad to allow for the recovery not just of fees incurred in the trial court, but also of appellate attorney's fees. The court stated that "[t]he statutory provisions for a 'reasonable attorney's fee' would ring hollow if it did not necessarily include a fee for the appeal." *Id.* at 19. In *Bonofiglio* v. *Commercial Union Ins. Co.,* 412 Mass. 612 (1992), the court again held that § 9(4) permits an award of appellate attorney's fees and also allowed the plaintiff to recover the fees he had incurred in pursuing such an award in that case. *Id.* at 613-614.

In view of these decisions, we can see no reason why a plaintiff should be denied an award of additional fees and costs where, as here, the plaintiff has been compelled to incur such additional fees and costs as a result of the removal of a case from District to Superior Court. The statutory provisions would be rendered equally hollow if they did not provide for an award of additional fees or costs incurred in such removed proceedings.

Of course, the judge has broad discretion in determining the amount of any such award and may conclude that the additional time and labor reasonably expended in obtaining a favorable result in the Superior Court was so minimal as not to warrant any further award of fees or costs. See, e.g., *Heller* v. *Silver-branch Constr. Corp.,* 376 Mass. 621, 629 (1978); *Linthicum* v. *Archambault,* 379 Mass. 381, 388-389 (1979). Here, however, the materials contained in the record show that, whereas the plaintiffs were awarded $5,714 in fees incurred in the District Court, and $237.82 in costs, they had incurred an additional $2,943 in fees, and $152.50 in costs, in obtaining the summary judgment in Superior Court, and also in pursuing their motion for an award of sanctions, costs, and fees. We can discern no lawful basis for the judge's refusal to award the plaintiffs any part of these additional fees and costs. It is irrelevant that, as the defendant contends, he may have acted in good faith in exercising his right of removal, because the statute does not make an award of fees and costs to a prevailing plaintiff under G. L. c. 93A, § 9(4), contingent on bad faith on the part of the defendant. Contrast G. L. c. 231, § 6F.

The judge's decision denying the plaintiffs' motion for an award of sanctions, costs, and attorney's fees is therefore reversed to the extent it denied the plaintiffs any award pursuant to G. L. c. 93A, § 9(4), for the reasonable attorney's fees and costs they incurred in the Superior Court, and the case is remanded for further proceedings consistent with this opinion. The plaintiffs' request for an award of fees incurred in pursuing this appeal is also allowed pursuant to G. L. c. 93A, § 9(4). The plaintiffs may submit "[a] petition for fees together with the necessary back-up material and details as to hours spent, precise nature of the work expended, and fees requested." *Yorke Mgmt.* v. *Castro, supra* at 20. The defendant shall have ten days thereafter to respond.

*So ordered.*

*Dennis R. Brown* for the plaintiffs.
*Robert O. Flynn* for the defendant.