LISA WHITE *vs.* SAFETY INSURANCE COMPANY.

No. 05-P-623.

Berkshire. January 12, 2006. - March 1, 2006.

Present: KANTROWITZ, COHEN, & GRAHAM, JJ.

*Insurance,* Motor vehicle insurance, Settlement of claim, Unfair act or practice. *Arbitration,* Insurance, Consumer Protection Act. *Consumer Protection Act,* Insurance, Arbitration, Unfair act or practice.

In an action brought by an insured against her insurance company to compel it to arbitrate her allegation of improper claims handling under G. L. c. 93A and G. L. c. 176D, a Superior Court judge properly granted summary judgment in favor of the defendant, where the limited scope of the arbitration clause in the plaintiff's policy did not encompass this controversy. [609-611]

CIVIL ACTION commenced in the Superior Court Department on October 4, 2004.

The case was heard by *John A. Agostini,* J., on motions for summary judgment.

*Adam P. Clermont* for the plaintiff.

*James M. Manitsas* for the defendant.

GRAHAM, J. In October, 2004, the plaintiff, Lisa White, instituted an action against the defendant, Safety Insurance Company, to compel it to arbitrate the plaintiff's allegation of unfair and deceptive business practices in violation of G. L. c. 93A and G. L. c. 176D. In March, 2005, a Superior Court judge entered summary judgment in favor of the defendant, pursuant to Mass.R.Civ.P. 56, 365 Mass. 824 (1974). The plaintiff appeals, arguing that the judge's decision was counter to relevant case law and against legislative intent and public policy. We affirm.

1. *Facts.* The facts at issue are undisputed. The plaintiff claims that she was injured in a motor vehicle accident on

October 7, 2003, while riding as a passenger in an automobile driven by Thomas Ostrobinski. She further claims that the person responsible for the accident fled the scene and remains unidentified. The car operated by Ostrobinski was insured by the defendant under a policy conforming to the standard Massachusetts automobile insurance policy, seventh edition, as approved by the Commissioner of Insurance. Under part 3 of the policy, the defendant agreed to "pay damages for bodily injury to people injured or killed in certain accidents caused by uninsured or hit-and-run autos," provided that "the injured person is legally entitled to recover from the owner or operator of the uninsured or hit-and-run auto." The policy also provides that the defendant is only obligated to pay for hit-and-run accidents "if the owner or operator causing the accident cannot be identified."

The plaintiff argues that the defendant "committed an unfair and deceptive business practice" in failing timely to settle her claim under part 3 of the policy,[1] giving rise to her claims against the defendant under G. L. c. 93A[2] and G. L. c. 176D.[3] The plaintiff sought to have these claims arbitrated pursuant to the policy's arbitration clause, the content of which is prescribed by G. L. c. 175, § 111D.[4] The arbitration clause states, in relevant part, as follows:

---

[1] It appears that the defendant, essentially denying that the alleged accident ever occurred, refused to settle the plaintiff's claim, forcing the plaintiff to proceed to arbitration.

[2] General Laws c. 93A, § 2(*a*), as appearing in St. 1967, c. 813, § 1, provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

[3] General Laws c. 176D, § 2, inserted by St. 1971, c. 543, § 1, provides in relevant part that "[n]o person shall engage in this commonwealth in any trade practice which is defined in this chapter as . . . an unfair method of competition or an unfair or deceptive act or practice in the business of insurance."

[4] General Laws c. 175, § 111D, inserted by St. 1959, c. 438, § 2, provides in relevant part:

> "A policy of motor vehicle liability insurance . . . may provide for the payment of all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury . . . caused by accident and arising out of the . . . use of such uninsured motor

"The determination as to whether an injured person is legally entitled to recover damages from the legally responsible owner or operator will be by agreement between us and the injured person. The amount of the damages, if any, will be determined in the same way. Arbitration will be used if no agreement can be reached."

2. *Discussion.* As the facts are undisputed, we review de novo the legal basis of the judge's ruling. See, e.g., *White* v. *Commissioner of the Dept. of Employment & Training,* 40 Mass. App. Ct. 249, 250 n.1 (1996). The legal question disputed by the parties is narrow: may a party seeking benefits under a standard Massachusetts automobile insurance policy compel an insurer to arbitrate the party's allegations of improper claims handling under G. L. c. 93A and G. L. c. 176D?

The plaintiff argues that the arbitration clause of the defendant's policy constitutes a general agreement by the parties to arbitrate all controversies arising between them in relation to the policy. To support this contention, the plaintiff cites to *Drywall Sys., Inc.* v. *ZVI Constr. Co.,* 435 Mass. 664, 666-667 (2002), which held that the arbitration clause in a contract between two commercial parties granted an arbitrator the authority to resolve disputes brought under G. L. c. 93A. In *Drywall,* however, the arbitration clause was much broader in scope than the arbitration clause presently disputed. See *ibid.* The arbitration clause in *Drywall* provided that the parties were to arbitrate "[a]ny controversy or claim . . . arising out of or related to this [s]ubcontract," which the court interpreted as an agreement to submit to arbitration all statutory claims related to the contract. *Id.* at 665.

The language in the present dispute is more narrowly written, providing that arbitration is only required where agreement between the parties cannot be reached as to (1) "whether an injured person is legally entitled to recover damages from the

vehicle. Such policy . . . shall provide that determination as to whether the insured or his legal representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the insurer or, if they fail to agree, by arbitration."

legally responsible owner or operator" and (2) "[t]he amount of the damages, if any."

Contrary to the plaintiff's contention, this language "is not susceptible of an interpretation that covers the asserted dispute." *Local No. 1710, Intl. Assn. of Fire Fighters* v. *Chicopee*, 430 Mass. 417, 421 (1999), quoting from *AT&T Technologies, Inc.* v. *Communications Wkrs.*, 475 U.S. 643, 650 (1986). Rather, in accordance with our decision in *Beals* v. *Commercial Union Ins. Co.*, 61 Mass. App. Ct. 189, 194 (2004), the arbitration clause is a limited one. In *Beals*, we determined that "[a]lthough G. L. c. 175, § 111D, required [the plaintiff] to submit her original underinsurance claim to an arbitrator, . . . that statutory mandate is narrow in scope and inapplicable to [the plaintiff's] bad faith claims." *Ibid.* As the language currently in dispute was written specifically to conform to the requirements of G. L. c. 175, § 111D, we see no reason to interpret it any more broadly than the statutory language addressed in *Beals*. See *Bilodeau* v. *Lumbermens Mut. Cas. Co.*, 392 Mass. 537, 541 (1984), quoting from *Save-Mor Supermarkets, Inc.* v. *Skelly Detective Serv., Inc.*, 359 Mass. 221, 226 (1971) (holding that language of standard policy, which is prescribed by statute and controlled by division of insurance rather than individual insurer, must be interpreted according to "the fair meaning of the language used, as applied to the subject matter").

We are equally unconvinced by the plaintiff's legislative intent argument. The plaintiff points to a 1989 amendment to G. L. c. 93A, § 9(3), that broadened the definition of actual damages to include judgments on the underlying transaction or occurrence.[5] We do not deny that by requiring separate proceedings, any amount awarded to the plaintiff in arbitration could not be used to determine punitive damages in a subsequent action under G. L. c. 93A, § 9(3). See *Bonofiglio* v. *Commercial Union Ins. Co.*, 411 Mass. 31, 37-38 (1991), *S.C.*, 412 Mass. 612 (1992) (finding that arbitration award is not "judgment"

---

[5]This amendment inserted language providing in relevant part that "the amount of actual damages to be multiplied by the court shall be the amount of the judgment on all claims arising out of the same and underlying transaction or occurrence." St. 1989, c. 580, § 1. The same language was also added to G. L. c. 93A, § 11, by St. 1989, c. 580, § 2.

within meaning of G. L. c. 93A, § 9); *Murphy* v. *National Union Fire Ins. Co.*, 438 Mass. 529, 532-533 (2003) (finding that plaintiff was not entitled to "judgment" on amount of arbitration award). However, the plaintiff's argument, which rests on her interpretation of c. 93A, provides no basis for enlarging the limited scope of the disputed arbitration clause that is prescribed by an unrelated statute.

*Judgment affirmed.*