NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

13-P-1678                                        Appeals Court

RONALD P. PASSATEMPO, trustee,[1] & others[2] vs.  FREDERICK V. McMENIMEN, THIRD, & others.[3]

No. 13-P-1678.

Suffolk.      September 16, 2014. - December 11, 2014.

Present:  Kantrowitz, Grainger, & Hanlon, JJ.

Insurance, Agent, Life insurance, Fraud and concealment, Misrepresentation.  Fraud.  Consumer Protection Act, Insurance, Unfair or deceptive act, Attorney's fees.  Practice, Civil, Attorney's fees, Judgment notwithstanding verdict, New trial.  Damages, Attorney's fees.

Civil action commenced in the Superior Court Department on July 1, 2004.

Following review by the Supreme Judicial Court, 461 Mass. 279 (2012), the case was tried before Thomas P. Billings, J.; a motion for judgment notwithstanding the verdict or,

_____

[1] Of the Samuel Pietropaolo Irrevocable Trust.

[2] Patricia D. Pietropaolo and Samuel Pietropaolo, Jr., executor of the estate of Samuel Pietropaolo, Sr. (also known as Sabatino Pietropaolo).

[3] Nationwide Life Insurance Company of America (successor in interest to Provident Mutual Life Insurance Company); Nationwide Securities, LLC (successor in interest to 1717 Capital Management Company); and Nationwide Financial Services, Inc.

alternatively, for a new trial was heard by him; and a motion for attorney's fees and costs was heard by him.

Douglas Hallward-Driemeier for Nationwide Life Insurance Company of America & others.
Charles M. Waters for the plaintiffs.

GRAINGER, J.  This case, boasting a lineage of more than a decade in numerous courts,[4] is now before us on appeal from a judgment holding the Nationwide defendants (collectively, Nationwide) liable to the plaintiffs on their G. L. c. 93A (c. 93A) claim.  Nationwide argues error in the denial of its posttrial motion seeking to set aside the verdict or obtain a new trial and in the judge's award of attorney's fees and costs to the plaintiffs.  G. L. c. 93A, § 9(4).[5]

Background.  The underlying dispute involves misrepresentations and fraud by which Frederick V. McMenimen, III, induced Samuel Pietropaolo, Sr. (Pietropaolo), to relinquish certain life insurance policies and purchase others,

---

[4] As succinctly recapitulated by the trial judge:  "This . . . case was filed in the Middlesex Superior Court, removed to federal court, remanded, transferred to the Business Litigation Session, partially dismissed as to the Nationwide defendants . . . on motion, tried against the other defendants in June-July 2009 to a jury on the common-law claims and to a judge on the Chapter 93A claims, and thrice appealed to the [Supreme Judicial Court] which, on the last such occasion, affirmed a $300,000 award of damages, trebled, against Frederick McMenimen; reversed an award against Barry Armstrong; and reversed [the Superior] Court's dismissal of the Nationwide defendants."

[5] Although Nationwide raises two additional arguments, they are not properly before us.  See note 9, infra.

and is recounted in detail in Passatempo v. McMenimen, 461 Mass. 279, 281-285 (2012) (Passatempo I). At the beginning of the narrative, McMenimen was employed by the insurance brokerage firm New England Advisory Group, LLC, a business owned and managed by Barry G. Armstrong. McMenimen thereafter worked as an in-house broker for Provident Mutual Life Insurance Company (Provident) and, after losing that position, became self-employed. Provident was acquired by Nationwide after McMenimen was discharged from his Provident in-house position. Past trials and appellate decisions have resolved claims of liability on the part of McMenimen, New England Advisory Group, LLC, and Armstrong. We are now asked to consider an appeal from the judgment finding Nationwide liable to the plaintiffs. We refer to additional undisputed factual history insofar as it bears on Nationwide's liability under theories of agency, corporate succession,[6] and tolling of the statute of limitations.

The motion for judgment notwithstanding the verdict (jnov). We review the denial of the motion for jnov to determine "whether, anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the plaintiff[s]." Raunela v. Hertz Corp., 361 Mass. 341, 343

---

[6] Nationwide's liability is that of a successor to Provident, a status uncontested below and on appeal.

(1972) (quotations and citation omitted).  See Bank v. Thermo Elemental Inc., 451 Mass. 638, 651 (2008), and cases cited.

The judgment against McMenimen, which was reviewed in Passatempo I, includes a finding that he acted in a fiduciary capacity when he misled Pietropaolo into believing he had $500,000 in death benefits (in actuality McMenimen had purchased only $200,000 from Provident on behalf of Pietropaolo). Consequently the statute of limitations with respect to McMenimen was tolled until the plaintiffs had actual knowledge of the $300,000 shortfall comprising their damages, knowledge they were found to have acquired within four years of the date that they filed their complaint, but not earlier.  See Passatempo I, supra at 294-295.  Complaints pursuant to G. L. c. 93A are subject to a four-year statute of limitations, G. L. c. 260 § 5A; suit against McMenimen was therefore timely filed.

The agency relationship between McMenimen, acting as a fiduciary, and Nationwide as successor to Provident raises two distinct issues.  First, the Supreme Judicial Court has instructed us that a principal can have vicarious liability for the breach of a fiduciary duty by its agent.  See Passatempo I, supra at 296.  That principle, in turn, requires a determination whether the proper standard for tolling the statute of limitations with respect to Nationwide is identical to that applied to McMenimen; in other words, whether the plaintiffs

were entitled to wait until they had actual knowledge of McMenimen's fraud before the statute began to run with respect to their suit against Nationwide as well. This second question was answered by the Supreme Judicial Court in the negative. Id. at 296-297.

Accordingly, on remand the jury were presented with special questions, including the following question:

> "Should the plaintiffs have known before July 1, 2000 that they did not have $500,000 in death benefits?"

The jury answered "No," thereby finding that the plaintiffs neither knew nor, here pertinent, should have known of the fraud more than four years before they filed suit. Recognizing the deference accorded to findings of fact, see Bank v. Thermo Elemental Inc., supra at 651-652, Nationwide asserts that no reasonable jury could have made this finding. Nationwide emphasizes the years before 2000 during which the plaintiffs received statements explicitly reciting that the policy provides $200,000 in death benefits. The judge acknowledged the force of this argument, but also noted that the full narrative before the jury was not restricted to documentary evidence. The record is replete with repeated evasions and false explanations by McMenimen to the effect that the $200,000 in death benefits set forth on the statements issued by Provident, and then by Nationwide, is merely a first level of coverage, that clerical

error is responsible for the statements, that everything was "fine," and that the plaintiffs were "all set." In this context Nationwide's argument is severely handicapped by the fact that its own statements listed McMenimen as the agent on the account long after he had been discharged, and at least as late as December of 2000.[7] As the judge noted, "The jurors were not required to disbelieve the uncontroverted testimony [of the plaintiffs] that they did not actually appreciate, until well after July 1, 2000, that there was no 'additional component' covering the difference between the nominal $200,000 death benefit and the $500,000 in coverage [McMenimen] said he had obtained for them."[8]

---

[7] Each quarterly statement advised the policyholder: "If you have any questions, feel free to contact your representative at the address indicated below or our Customer Service Center at [phone number]." The jury were entitled to find that contacting McMenimen was a reasonable response when he was identified as the "representative," had been the plaintiffs' agent from inception, and was a trusted member of the family.

[8] Nationwide points to phrases in the judge's memorandum and order to assert that the judge erroneously applied an actual knowledge standard to toll the statute with respect to Nationwide notwithstanding the Supreme Judicial Court's instruction to the contrary. We consider the language at issue to be equally susceptible to an interpretation that it is referring to tolling with respect to McMenimen himself. Even were we to accept Nationwide's view, it would not be availing in light of the jury's finding, supported by sufficient evidence, that the plaintiffs were under no obligation to inquire (triggering the "should have known" standard) until after July 1, 2000. See Hastings Assocs. v. Local 369 Bldg. Fund, Inc., 42 Mass. App. Ct. 162, 163 (1997) (upholding jnov for different reason than motion judge).

We conclude that the judge correctly determined that the totality of the evidence, construed against Nationwide, justified the jury verdict.  See D'Annolfo v. Stoneham Hous. Authy., 375 Mass. 650, 657 (1978); Mancuso v. Massachusetts Interscholastic Athletic Assn., 453 Mass. 116, 122 (2009).  The motion for jnov was properly denied.

The motion for a new trial.  The standard for a new trial favors the moving party more than that required for a jnov, involving as it does the probative force of the evidence in addition to whether it simply exists.  See O'Brien v. Pearson, 449 Mass. 377, 384 (2007).  Judges are not, however, permitted simply to substitute their own view of the evidence for that of the jury.  Hartmann v. Boston Herald-Traveler Corp., 323 Mass. 56, 60 (1948).  The test for a new trial is whether "the verdict 'is so greatly against the weight of the evidence as to induce . . . the strong belief that it was not due to a careful consideration of the evidence, but that it was the product of bias, misapprehension, or prejudice.'"  Turnpike Motors, Inc. v. Newbury Group, Inc., 413 Mass 119, 127 (1992), quoting from Scannell v. Boston Elev. Ry., 208 Mass. 513, 514 (1911).  "We grant considerable deference to a judge's disposition of a motion for a new trial, especially where [as here] he was the trial judge, and we will reverse the ruling only for an abuse of discretion."  Gath v. M/A-Com, Inc., 440 Mass. 482, 492 (2003).

Applying the above test, we conclude that the judge did not abuse his discretion in denying the motion for a new trial. As we have noted, Nationwide introduced evidence, especially documentary evidence, from which the jury could draw an inference of inattention on the part of the plaintiffs. But, as stated, there was also evidence that the plaintiffs did react to the statements they received by contacting the very person listed as their agent on those statements. While they may have done so only after hearing from Nationwide's representative in 2003, the jury were entitled to believe that they were reasonably lulled into acquiescence by McMenimen's previous longstanding assurances and deceptions, including ongoing general assurances he provided as part of the family. As the judge aptly observed, the judgment of liability was not foreordained, but was also "not so greatly against the weight of the evidence as to warrant a new trial."[9]

---

[9] We find it unnecessary to address two additional issues raised on appeal. Nationwide complains that instructions pertaining to regulatory control required the jury to find vicarious liability. Even were we to find error with the judge's instructions on this topic, which we do not, the issue was not preserved at trial and is not properly before us. See Mass.R.Civ.P. 51(b), 365 Mass. 816 (1974). Nationwide also complains that the judge committed error in allowing the jury to find it not only vicariously, but also directly, liable to the plaintiffs, asserting that the plaintiffs' c. 93A letter did not provide notice of such a claim. This issue also was not preserved. See Palmer v. Murphy, 42 Mass. App. Ct. 334, 338 (1997). Moreover, the judge's action on remittitur restricted the compensatory award, and the c. 93A multiplier, to damages

Attorney's fees and costs.  Nationwide claims error in the judge's award of costs and fees to the plaintiffs.  See G. L. c. 93A, § 9(4).  We review this claim in the context of the judge's broad discretion.  See Twin Fires Inv., LLC v. Morgan Stanley Dean Witter & Co., 445 Mass. 411, 429-430 (2005).

The judge was required to consider a fee request that spanned multiple trials and appellate proceedings in State and Federal courts.  Nationwide was not a party to all of these proceedings; at the same time much of the effort expended by the plaintiffs was necessary to obtain the eventual judgment against Nationwide.  Like the judge, we "know of no reported case on like facts" and, like the judge, we consider "the fundamental question" to be "how much of the fees claimed actually contributed to the result obtained against Nationwide."

We need not repeat the careful analysis of each stage in the proceedings, the relevance or lack thereof of each stage of discovery, motion practice, trial, and appeal that led to the eventual judgment against Nationwide, the quality and efficiency of counsels' efforts, the appropriate level of hourly rates and staffing ratios, or a consideration of the equities -- all of these are set forth in the judge's memorandum.  See Linthicum v. Archambault, 379 Mass. 381, 388-390 (1979).

resulting from McMenimen's conduct.  If we were to find error, it would be nonprejudicial.

Further, the judge separated the periods during which Nationwide was formally a party to the proceedings from those in which it was not. He analyzed the relevance of efforts during the latter period to the eventual judgment obtained against Nationwide and applied a reduction of twenty-five percent to the State court proceedings while deducting the costs incurred in Federal court in their entirety. This resulted in a deduction of more than $170,000 from a fee request totaling more than $870,000. There was no abuse of discretion.[10]

<u>Final judgment entered April 5, 2013, affirmed</u>.

---

[10] We decline to award appellate attorney's fees and costs. See <u>Bonofiglio</u> v. <u>Commercial Union Ins. Co</u>., 412 Mass. 612, 613 (1992).