T & D VIDEO, INC.[1] *vs.* CITY OF REVERE & others.[2]

Suffolk. September 6, 2007. - November 27, 2007.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, & CORDY, JJ.

*Civil Rights,* Attorney's fees. *Practice, Civil,* Interlocutory appeal, Attorney's fees, Waiver. *Waiver.*

A plaintiff who obtained permanent injunctive relief in a final judgment in Superior Court in 2002, over six years after its successful defense against the defendant's interlocutory appeals from the preliminary injunction in the same case, did not waive its right to obtain attorney's fees and costs under 42 U.S.C. § 1988(b) for its defense of those interlocutory appeals by seeking such fees and costs for the first time in the Superior Court after final judgment had entered in its favor. [113-115]
Clarification of the procedure in Massachusetts courts for parties seeking interlocutory appellate attorney's fees and costs under 42 U.S.C. § 1988(b) and other similar Federal fee-shifting statutes. [115-116]

CIVIL ACTION commenced in the Superior Court Department on November 16, 1994.

The case was heard by *Ernest B. Murphy,* J., and a motion for attorney's fees and costs was also heard by him.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Christopher DeMayo (Jeffrey Strom* with him) for the plaintiff.
*Ira H. Zaleznik* for the defendants.

MARSHALL, C.J. Title 42 U.S.C. § 1988(b) (2006) provides in part that a court may, in its discretion, award attorney's fees to a "prevailing party," other than the United States, in a proceeding to enforce a provision of 42 U.S.C. § 1983 (2006).[3] In

---

[1]Doing business as Moonlite Reader.
[2]Zoning board of appeals of Revere and the building inspector of Revere.
[3]Title 42 U.S.C. § 1988(b) (2006) provides: "In any action or proceeding to enforce a provision of [§ 1983] . . . , the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ."

2001, the United States Supreme Court explained that a "prevailing party" is one who obtains a "judicially sanctioned change in the legal relationship of the parties," and that "enforceable judgments on the merits" and "court-ordered consent decrees" may permit an award of attorney's fees. *Buckhannon Bd. & Care Home, Inc.* v. *West Virginia Dep't of Health & Human Resources*, 532 U.S. 598, 604, 605 (2001) *(Buckhannon)*.[4] Six years later, in *Sole* v. *Wyner*, 127 S. Ct. 2188, 2196 (2007) *(Sole)*, the Court elaborated further that a party "who gains a preliminary injunction does not qualify for an award of counsel fees under § 1988(b) if the merits of the case are ultimately decided against her." The corollary of this ruling is that a party who obtains a preliminary injunction (trial or appellate) may be required to await further developments in the case to clarify whether it is a "prevailing party" for *Buckhannon* purposes. As the *Sole* Court noted, the "tentative character" of the preliminary injunction, where the litigation must continue "to definitively resolve the controversy," makes a fee award "at the initial stage premature." *Id.* at 2195.[5]

The issue in this appeal is whether the plaintiff, T & D Video, Inc. (T & D), which in 2002 obtained permanent injunctive relief in a final judgment in the Superior Court, is eligible for an award of attorney's fees for its successful defense in 1994-1996 against the city of Revere's (city's) interlocutory appeals from a preliminary injunction, where T & D did not request those fees. Instead, T & D sought its interlocutory appellate (and other) attorney's fees for the first time in the Superior Court in 2003 after final judgment entered in its favor. In 2004, a judge in the Superior Court granted T & D its fees and costs

---

[4]*Buckhannon Bd. & Care Home, Inc.* v. *West Virginia Dep't of Health & Human Resources*, 532 U.S. 598 (2001) *(Buckhannon)*, involved fee-shifting provisions under the Americans with Disabilities Act and the Fair Housing Amendments Act. However, "[t]he United States Supreme Court's reasoning in *Buckhannon* is presumed to apply generally to Federal fee-shifting statutes that use the term 'prevailing party.' " *Newell* v. *Department of Mental Retardation*, 446 Mass. 286, 287 n.2, cert. denied, 127 S. Ct. 158 (2006), citing *Doe* v. *Boston Pub. Schs.*, 358 F.3d 20, 25 (1st Cir. 2004).

[5]In *Sole* v. *Wyner*, 127 S. Ct. 2188, 2196 (2007) *(Sole)*, the Court left open the question whether "in the absence of a final decision on the merits of a claim for permanent injunctive relief, success in gaining a preliminary injunction may sometimes warrant an award of counsel fees."

pursuant to 42 U.S.C. § 1988(b), and G. L. c. 12, § 11I, see note 7, *infra*, including in the award T & D's fees and costs for defending against the city's interlocutory appeals in 1994-1996. The Appeals Court vacated the award, holding in part that any request for fees incurred on appeal to the Supreme Judicial Court should have been submitted in this court. See *T & D Video, Inc.* v. *Revere*, 66 Mass. App. Ct. 461, 478 (2006), cert. denied, 127 S. Ct. 2905 (2007). We granted T & D's application for further appellate review on that issue.

For reasons we shall explain, we conclude that T & D is eligible for its interlocutory appellate attorney's fees. We also take this opportunity to clarify the Massachusetts procedure for requesting interlocutory appellate attorney's fees and costs under 42 U.S.C. § 1988(b) and similar Federal fee-shifting statutes. See note 4, *supra*.

1. *Background.* In November, 1994, owing to difficulties that it experienced in obtaining permission from the city to open an "adult" video store in Revere, T & D commenced an action in the Superior Court against the city, claiming, inter alia, that the city's "adult entertainment" zoning ordinances[6] violated T & D's rights to protected expression under the First Amendment to the United States Constitution and art. 16 of the Massachusetts Declaration of Rights, and violated 42 U.S.C. § 1983 and G. L. c. 12, §§ 11H and 11I (Massachusetts act).[7] T & D sought and obtained in the Superior Court a preliminary injunction restraining enforcement of the ordinances against it. The

---

[6]The ordinances, proposed by the mayor of Revere in September, 1993, two days after T & D sought a business certificate from the city, were adopted by the city council in November, 1993. See Revere Revised Zoning Ordinance §§ 17.08.065-17.08.069, 17.16.045 (1993) (ordinances). The ordinances permit the granting of special permits, in Revere's general industrial district only, for "[a]dult entertainment establishments, adult bookstore[s], adult videostore[s], adult motion picture theater[s] and advertising signs" provided that certain location, size, and setback restrictions are met. *Id.* In 1995, the city council repealed the 1993 ordinances and replaced them with new ordinances that lowered the setback requirement and the lot size requirement, but otherwise left largely unchanged the 1993 ordinances.

[7]The Massachusetts Civil Rights Act (Massachusetts act) provides a cause of action for any person whose civil rights have been interfered with by "threats, intimidation or coercion." G. L. c. 12, § 11H. The Massachusetts act also provides for recovery of reasonable attorney's fees and costs to "[a]ny aggrieved person or persons who prevail . . . ." G. L. c. 12, § 11I.

city filed a petition for relief from the injunction pursuant to G. L. c. 231, § 118, first par.,[8] which a single justice of the Appeals Court denied. The city also appealed from the Superior Court judge's preliminary injunction pursuant to G. L. c. 231, § 118, second par.[9] In February, 1995, this court granted the city's application for direct appellate review and, in September, 1996, affirmed the Superior Court judge's order granting the preliminary injunction. See *T & D Video, Inc.* v. *Revere,* 423 Mass. 577, 583 (1996).

Following discovery, T & D moved for summary judgment in the Superior Court, which was denied by a different judge in November, 2001. The case then proceeded to a jury-waived trial before a third judge in the Superior Court. In October, 2002, that judge concluded that enforcement of the city's adult entertainment ordinances violated the constitutional rights of T & D to engage in the sale of nonobscene "adult" videotapes, and entered an order permanently enjoining the city from enforcing the ordinances against T & D. In January, 2003, T & D filed a motion in the Superior Court, as a "prevailing party" under "both federal and state law," requesting attorney's fees and costs in the total amount of $1,163,233.28.[10] T & D's request included fees and costs associated with its defense of the city's appeals from the preliminary injunction in both the Appeals Court and in this court, identifying the amount of those fees and costs in detailed daily billing records submitted by T & D's counsel, but without specifying the total amount in either court.[11] In February, 2004, the judge awarded T & D

---

[8]General Laws c. 231, § 118, first par., provides, in pertinent part: "A party aggrieved by an interlocutory order of a trial court . . . may file . . . a petition in the appropriate appellate court seeking relief from such order [from a single justice] . . . ."

[9]General Laws c. 231, § 118, second par., provides, in pertinent part: "A party aggrieved by an interlocutory order of a trial court . . . granting . . . a preliminary injunction . . . may appeal therefrom to the appeals court . . . ."

[10]There is some discrepancy concerning the amount of attorney's fees and costs requested. In T & D's motion for attorney's fees and costs it requested $1,163,233.28. The amount in counsel's affidavit in support of T&D's motion is $1,173,057.13, and the amount referred to by the trial judge in his order is $1,209,585.33.

[11]In the materials supporting T & D's 2003 motion for attorney's fees and

attorney's fees and costs in a total amount of $915,027, but did not specify the portion of the award, if any, that related to the city's appeals from the preliminary injunction.

The city appealed from the final judgment in the Superior Court on the merits, and from the award of attorney's fees and costs to T & D. The Appeals Court affirmed the judgment on the merits. See *T & D Video, Inc.* v. *Revere*, 66 Mass. App. Ct. 461, 474 (2006). The court, however, disagreed with the judge's calculation of T & D's attorney's fees and costs and vacated so much of the order as had awarded those fees and costs, *id.* at 484, and remanded the matter to the Superior Court for recalculation of T & D's fees and costs. *Id.*[12] The Appeals Court also concluded, without briefing or argument, that T & D could

costs in the Superior Court, counsel for T & D filed an affidavit to the effect, inter alia, that the detailed daily billing records reflected that T & D's fees and costs for the period September, 1994, through December, 1996, during which period it obtained the order for a preliminary injunction, defended against the city's interlocutory appeals from that order, and conducted a portion of discovery, totaled $230,492.50.

[12]The trial judge employed the "lodestar" approach, by which he determined "the product of reasonable hours times a reasonable rate." See *Pennsylvania* v. *Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). The judge concluded that T & D was entitled to 3,100 hours at the average hourly rate of $280, for a total award of $868,000 for attorney's fees and costs, not including expert witness fees. See *T & D Video, Inc.* v. *Revere*, 66 Mass. App. Ct. 461, 481 n.13 (2006), cert. denied, 127 S. Ct. 2905 (2007). In his memorandum of decision and order, the judge noted that he had the "discretion" to award attorney's fees under 42 U.S.C. § 1988(b), but that the Massachusetts act mandates an award of attorney's fees. Most of the judge's discussion of T & D's attorney's fees and costs made reference to 42 U.S.C. § 1988(b). In relation to expert fees, however, the judge noted that expert fees are not available under 42 U.S.C. § 1988, but are available under G. L. c. 12, §§ 11H and 11I. The judge first determined that the city had violated the Massachusetts act because it had, in his view, engaged in "economic coercion." See *Buster* v. *George W. Moore, Inc.*, 438 Mass. 635, 648 (2003). He then ordered the city to pay $47,027 in expert fees to T & D. The Appeals Court reversed the judge on that point, concluding that the city was not liable to T & D under the Massachusetts act because there was, in its view, insufficient evidence of "coercion." *T & D Video, Inc.* v. *Revere*, 66 Mass. App. Ct. at 481-483. Accordingly, it held that T & D was not eligible for expert fees (and presumably not eligible for attorney's fees and costs, although it did not say so specifically) under the Massachusetts act. See *id.* T & D did not seek further appellate review on that aspect of the Appeals Court's decision. We therefore do not consider any claim for interlocutory appellate attorney's fees and costs under the Massachusetts act.

recover none of its attorney's fees and costs related to its defense against the city's interlocutory appeal to this court, holding that any request for fees in connection with that appeal "should have been submitted" to this court, which, it noted, "awards attorney's fees where appropriate in its own cases, and has procedures for doing so." *Id.* at 478.[13],[14] T & D petitioned for a rehearing in the Appeals Court solely on the issue of its interlocutory appellate attorney's fees, which was denied.

Both parties applied for further appellate review. In the city's application, which we denied, it challenged the decision of the Appeals Court on the merits, and further claimed the Appeals Court should have denied "in its entirety" T & D's request for attorney's fees and costs. In T & D's application, which we granted, T & D sought review only of the denial of its appellate attorney's fees pertaining to the city's 1994-1996 appeals from the preliminary injunction.[15] In its application, T & D asserted that the Appeals Court's decision on this point misconstrued the relevant law, arguing that there is "no basis under [42 U.S.C.] § 1988 to recover fees relating to a preliminary injunction while the merits of the underlying case are yet undecided," citing *Buckhannon* and other Federal cases.[16] It also argued that, at the time of the interlocutory appeals, "it was not mandatory

---

[13]The Appeals Court made no reference to the issue of attorney's fees expended by T & D in its defense of the city's interlocutory appeals to the Appeals Court. See notes 8 and 9, *supra.*

[14]Although the judge did not state explicitly that he was awarding T & D its attorney's fees and costs relating to the city's appeal from the preliminary injunction to the Appeals Court or to this court, it seems clear that he did so. As noted earlier, T & D included its appellate fees in its application to the Superior Court. See note 11, *supra.* The judge made no finding that T & D was not eligible for such fees. The Appeals Court stated that the trial judge had ordered the city to pay T & D's appellate interlocutory fees in this court in an amount of $100,000, a figure used by the city in its brief in the Appeals Court without record citation. *T & D Video, Inc. v. Revere,* 66 Mass. App. Ct. at 478.

[15]T & D filed its application within twenty days of the denial of its petition for rehearing, but not within twenty days "after the date of the rescript of the Appeals Court." Mass. R. A. P. 27.1 (a), as amended, 367 Mass. 920 (1975). The filing of a petition for rehearing does not toll the time for filing an application for further appellate review. In our discretion, we granted T & D's application for further appellate review. Cf. Mass. R. A. P. 14 (b), as amended, 378 Mass. 939 (1979).

[16]T & D made no mention of a claim for its attorney's fees and costs under

that requests for appellate legal fees be made to the appellate court in the parties' briefs," citing *Fabre* v. *Walton*, 441 Mass. 9 (2004).

2. *Discussion.* We first address the appropriateness of awarding T & D its interlocutory appellate attorney's fees and costs under 42 U.S.C. § 1988(b), and then outline the procedure for the request for, and award of, such fees and costs in the future.

As noted earlier, 42 U.S.C. § 1988(b) authorizes a court to award attorney's fees and costs to a "prevailing party," including attorney's fees incurred on appeal. See *Buckhannon, supra* at 604; *Powell* v. *Alexander*, 391 F.3d 1, 24 (1st Cir. 2004) (allowing plaintiff's motion for reasonable attorney's fees and costs of appeal pursuant to 42 U.S.C. § 1988[b]). There is no question that T & D is a "prevailing party" eligible for an award of attorney's fees and costs: it has obtained a permanent injunction enjoining enforcement of the city's "adult entertainment" ordinances against it. See *Buckhannon, supra*; *Staley* v. *Harris County*, 485 F.3d 305, 314 (5th Cir. 2007) (party who obtained permanent injunction in trial court was "prevailing party" entitled to attorney's fees); *Andretti* v. *Borla Performance Indus., Inc.*, 426 F.3d 824, 835-836 (6th Cir. 2005) (same). See also *T & D Video, Inc.* v. *Revere*, 66 Mass. App. Ct. 461, 475 (2006) ("That [T & D] is the prevailing party here is not disputed").

The city argues, however, that, in 1996, when this court affirmed the order of the Superior Court granting T & D a preliminary injunction, T & D was a "prevailing party" under the then prevailing "catalyst test,"[17] and that T & D's failure to request its appellate attorney's fees and costs in its 1995 brief to this court was a "clear waiver" of that claim. *Buckhannon* and its progeny, however, "must be given full retroactive effect in all cases still open on direct review." *Newell* v. *Department of Mental Retardation*, 446 Mass. 286, 303 n.31 (2006), quoting

---

the Massachusetts act. See note 12, *supra*.

[17]The "catalyst test" posited that a "prevailing party" was one who achieved the desired result because its lawsuit caused a voluntary (i.e., without judicial involvement) change in the defendant's conduct. See *Pearson* v. *Fair*, 980 F.2d 37, 44 (1st Cir. 1992); *Nadeau* v. *Helgemoe*, 581 F.2d 275, 278-279 (1st Cir. 1978). That approach was rejected in *Buckhannon*. See *Buckhannon, supra* at 610.

*Toms* v. *Taft*, 338 F.3d 519, 530 (6th Cir. 2003). *Buckhannon* and *Sole* govern our resolution of this appeal.

The Appeals Court, which did not have the benefit of *Sole, supra*, rejected T & D's petition for rehearing on the issue of its interlocutory appellate attorney's fees for two reasons. First, it held that T & D "prevailed" before this court, and T & D's "status as a prevailing party in that appeal became fixed when the court returned its decision regardless of what might happen in subsequent proceedings regarding a permanent injunction." This is contrary to *Buckhannon* and *Sole*. See *Sole, supra* at 2196; *Buckhannon, supra* at 604-605.

The Appeals Court gave a second reason, in its view of "greater importance," pertaining not to the timing of T & D's fee request, but rather its "location." The Appeals Court noted that it was "not persuaded that it is the business either of the Appeals Court or of a trial court to pass upon fee requests pertaining to proceedings in the Supreme Judicial Court." We agree with the Appeals Court that the appropriate forum for such a request is here, because we are in "a far better position to evaluate the worth of the appellate work than the trial judge." *Yorke Mgt.* v. *Castro*, 406 Mass. 17, 20 (1989). The question, however, is whether, by failing to request its appellate attorney's fees and costs from this court in 1995, T & D waived its right to obtain those fees and costs as the prevailing party. The answer to that question is "no."

The fee request at issue in this appeal is based on a Federal statute, 42 U.S.C. § 1988(b). The procedure for requesting fees and costs, however, is governed by Massachusetts law. See *Society of Jesus of New England* v. *Boston Landmarks Comm'n*, 411 Mass. 754, 756-757 (1992); *Draper* v. *Town Clerk of Greenfield*, 384 Mass. 444, 449, 425 (1981), cert. denied sub nom. *Draper* v. *Prescott*, 456 U.S. 947 (1982). The Massachusetts procedure for requesting appellate attorney's fees and costs was settled in *Fabre* v. *Walton*, 441 Mass. 9 (2004), which held for the first time that parties "must" request such fees and costs in their appellate briefs. *Id.* at 10. In so doing, the *Fabre* court clarified that the admonition in *Yorke Mgt.* v. *Castro, supra* at 20, in effect when the city pursued interlocutory appeals in 1994-1996, that parties "should" request attorney's fees and

costs in their appellate brief, was mandatory, not discretionary.[18] T & D's request does not come too late.[19] It may submit a request for its 1994-1996 appellate attorney's fees in this court and in the Appeals Court as explicated in *Fabre* v. *Walton, supra* at 10-11.[20]

We now clarify the procedure for parties seeking interlocutory appellate attorney's fees and costs under 42 U.S.C. § 1988(b) and other similar Federal fee-shifting statutes. See note 4, *supra*.[21] In fee requests filed pursuant to Federal fee-shifting statutes after the date of this opinion, a party seeking interlocutory appellate attorney's fees and costs must, consistent with *Fabre* v. *Walton, supra*, note its request in any interlocutory appellate brief, thereby giving notice to the appellate court and all other parties that it intends to seek fees and costs related to the interlocutory appeal in the event it is later determined to be a "prevailing party," as explicated by *Buckhannon* and *Sole*.[22] See *Sole, supra* at 2196; *Buckhannon, supra* at 603-605.

---

[18]*Fabre* v. *Walton*, 441 Mass. 9 (2004), and *Yorke Mgt.* v. *Castro*, 406 Mass. 17 (1989), both dealt with direct appeals. The requirement that a party must request attorney's fees and costs in an appellate brief applies to all appeals.

[19]T & D's decision to file its request for interlocutory appellate fees in the Superior Court did not comport with our procedures, but was not wholly without basis. In the Federal courts, attorney's fees sought for appellate litigation pursuant to Federal fee-shifting statutes are generally awarded by the trial court. See, e.g., *Powell* v. *Alexander*, 391 F.3d 1, 24 (1st Cir. 2004) (granting, pursuant to 42 U.S.C. § 1988[b], reasonable attorney's fees and costs of appeal but remanding for determination of appropriate amount); *Aubin* v. *Fudala*, 821 F.2d 45, 47-48 (1st Cir. 1987) (remanding for award of appellate attorney's fees and costs); *Souza* v. *Southworth*, 564 F.2d 609, 613 (1st Cir. 1977) (noting that some factors "going into a fee determination [for appellate work] require factual findings more appropriately made by a district court" than by court of appeals). In Massachusetts, we have adopted a different approach. See *Fabre* v. *Walton, supra* at 10.

[20]In its application for further appellate review, T & D did not challenge the Appeals Court's order vacating the award of T & D's attorney's fees and costs incurred in the Superior Court, and remanding the case to the Superior Court for recalculation of those fees and costs. See *T & D Video, Inc.* v. *Revere*, 66 Mass. App. Ct. 461, 475-481, 483-484 (2006). That issue is not before us.

[21]We emphasize that we do not consider here any fee requests under the Massachusetts act. See note 12, *supra*. *Buckhannon* and its progeny concern only Federal statutes, and have no application to fee requests under Massachusetts fee-shifting statutes or other Massachusetts authority.

[22]In many cases, of which this case is a telling example, a significant

If a party later becomes a "prevailing party" in the trial court, that party must, within thirty days of the judgment or other action in the trial court judicially sanctioning a change in the legal relationship of the parties, *Buckhannon, supra* at 604-605, file an application for attorney's fees and costs, with appropriate supporting materials, in the trial court *and* in any appellate court for which it intends to seek its interlocutory appellate fees. If the nonprevailing party appeals from the judgment or other judicial action in the trial court, it may file a motion to stay all assessments of fees and costs in both the trial court and in any appellate court where fees are sought.[23] It shall then become the obligation of the "prevailing party" to move to lift any stay if the appeal is not pursued or when its "prevailing party" status is affirmed in subsequent proceedings. If the "prevailing party" fails to file a motion to lift any stay obtained by the nonprevailing party within thirty days of the date on which it became entitled to do so, any requests for attorney's fees and costs shall, except for good cause shown, be deemed waived.

If a party later becomes a "prevailing party" for the first time in an appellate court, the "prevailing party" must, within thirty days of the date of the appellate court rescript, file an application for attorney's fees and costs, with appropriate supporting materials, in both that appellate court in accordance with *Fabre* v. *Walton, supra, and* in the trial court, if it intends to seek attorney's fees and costs incurred in proceedings in the trial court.

3. *Conclusion.* Within thirty days of the date of the rescript, T & D may file in this court an application for its attorney's fees and costs relating to its 1995-1996 defense in this court of

period of time may elapse between an appellate decision concerning interlocutory relief (upholding or dissolving a preliminary injunction entered in a trial court, for example), and the ultimate resolution of the case. For this reason, where interlocutory appellate fees are requested in an appellate brief, counsel shall maintain records pertaining to the fees expended in connection with any interlocutory appeal, together with a copy of all briefs and supporting materials, including but not limited to all record appendices, to permit a later reviewing court access to all such materials.

[23]Except for good cause shown, failure by the nonprevailing party to move to stay any assessment of fees and costs shall be deemed a waiver of any claim that the party seeking fees and costs as a "prevailing party" has not in fact prevailed.

the city's appeal from the preliminary injunction, with appropriate supporting materials. See *Fabre* v. *Walton, supra.* T & D also has sought attorney's fees and costs in connection with this appeal. Its application for those fees and costs shall be filed at the same time. *Id.*

With respect to appellate attorney's fees and costs T & D may have incurred opposing the city's direct appeal in the Appeals Court, T & D may apply for such fees and costs from the Appeals Court. See *Trustees of Health & Hosps. of Boston, Inc.* v. *Massachusetts Comm'n Against Discrimination,* 449 Mass. 675, 688-689 (2007). At the same time T & D may apply in the Appeals Court for any attorney's fees and costs it may have incurred opposing the city's 1994-1995 interlocutory appeals in that court: for the same reasons explained above that T & D did not waive its right to seek fees and costs for the interlocutory appeal to this court, it also did not waive the right to seek fees and costs for the interlocutory appeals in the Appeals Court.

*So ordered.*