Fahey, Elizabeth M., J.
BACKGROUND
The pro se plaintiff, Gregory Langadinos (“Mr. Langadinos”), brought this action against the defendants, Southern New England School of Law, Inc. (“SNESL”) and Robert Victor Ward, Jr. (“Dean Ward’’) (collectively, the “Defendants”), alleging claims based on breach of contract and defamation. In a Memorandum of Decision and Order dated May 3, 2012, I dismissed the case for fraud upon the court and for repeated noncompliance with my orders. The Defendants now seek attorneys fees in the amount of $223,975.00 and costs in the amount of $12,692.69. After a hearing, and for the following reasons, the Defendants’ request is ALLOWED in part and DENIED in part.
DISCUSSION
The Court has discretion to award attorneys fees against a parly whose conduct constitutes contempt of court. Police Comm'r of Boston v. Gows, 429 Mass. 14, 17 (1999). Even in the absence of an actual finding of contempt, the court may sanction a party for flouting its authority by virtue of the court’s inherent power to do what is necessary to secure the administration of justice. Avelino-Wright v. Wright, 51 Mass.App.Ct. 1, 5 (2001), and cases cited. This power includes broad discretion to fashion a judicial response warranted by fraud on the court. Rockdale Mgmt. Co. v. Shawmut Bank, N.A., 418 Mass. 596, 598 (1994) (no abuse of discretion to dismiss action for fraud on court). The Superior Court has exercised this discretion to award attorneys fees and costs. See, e.g., Munshani v. Signal Lake Venture Fund II, LP, 2001 WL 1526954 at *4 (Mass.Super. 2001) (van Gestel, J.) (dismissing action due to plaintiffs fraud on court and ordering plaintiff to pay all of defendant’s attorneys fees and costs in connection with all matters relating to fraud).[2]
I. Attorneys Fees
Determination of what constitutes a reasonable fee award is a matter left to the sound discretion of the judge. Berman v. Linnane, 434 Mass. 301, 302-03 (2001). Under the “lodestar” method, the court multiplies the number of hours reasonably spent on a case by a reasonable hourly rate. Fontaine v. EBTEC Corp., 415 Mass. 309, 324 (1993). The parly seeking the fees bears the burden of establishing the reasonableness of both components. See Society of Jesus of New Eng. v. Boston Landmarks Comm’n, 411 Mass. 754, 759 (1992). Hours that are “excessive, redundant, duplicative, or unproductive!,]” are not reasonable. See T&D Video, Inc. v. Revere, 66 Mass.App.Ct. 461, 476 (2006), reversed on other grounds, 450 Mass. 107 (2007). In reviewing a request for fees, the judge is “not required to review and allow or disallow each individual item in the bill, but [can] consider the bill as a whole.” Berman, 434 Mass. at 303.
The Supreme Judicial Court recognizes that the lodestar method should be augmented by consideration of: (1) the nature of the case and the issues presented; (2) the time and labor required; (3) the amount of damages involved; (4) the result obtained; (5) the experience, reputation, and ability of counsel; (6) the customary price charged for similar services by attorneys in the same area; and (7) the amount of fee awards in similar cases. Linthicum v. Archambault, 379 Mass. 381, 388-89 (1979), overruled in part on other grounds by Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp., 418 Mass. 737 (1994) (incorporating common-law fee criteria for purposes of G.L.c. 93A), and cases cited. No single factor is dispositive on the issue of reasonableness, and a factor-by-factor analysis, although helpful, is unnecessary. Berman, 434 Mass. at 303. The circumstances involved in the instant case *277 certainly must be appreciated as they tremendously influence the work required to defend this case. As noted in this Court’s Memorandum of Decision on Defendants’ Motion to Dismiss at p. 26-27:
Plaintiff altered documents before filing them in order to hinder Defendants’ ability to respond to discovery requests and to get their lawyer sanctioned; filed two baseless lawsuits in another county of the Superior Court in order to harass and intimidate Defendants’ lawyer and to interfere with Defendants’ ability to mount a defense in this case; committed perjury in open court; filed two materially false affidavits and one forged affidavit knowing that the affiants had disclaimed them; filed at least two of his own materially false affidavits in different attempts to obtain favorable rulings; knowingly made false statements of material fact before [the] court; purposefully misrepresented [the] court’s prior rulings in an attempt to conceal his fraud; systematically abused the judicial process in order to make it difficult or impossible for Defendants to respond to his motions; and repeatedly and unabashedly placed slanderous, defamatory and racially charged language in his pleadings, in complete disregard of [the] court’s orders." The Court further found that the plaintiff “harassed and intimidated two friends, both lawyers and officers of this court, into signing false affidavits [footnote omitted] so that they could assist him in perpetrating the fraud, and so that he could claim attorney/client privilege in order to cover it up.
See Court’s Memorandum of Decision and Order dated May 3, 2012 at pp. 26-27.
In this matter, the defense team consisted of Kenneth V. Kurnos (“Attorney Kumos”), a member of the Massachusetts Bar since 1977, and two contract attorneys working out of his office, Tanya Clement (“Attorney Clement”), a member of the Massachusetts Bar since 2002, and Phyllis Schacht (“Attorney Schacht”), a member of the Massachusetts Bar since 1985. According to Attorney Kurnos, the number of hours the defense team spent reasonably related to Mr. Langadinos’s fraud totals: 836.9 hours in the Suffolk action (with Attorney Kurnos spending 597.8 hours, Attorney Clement spending 76 hours, and Attorney Schacht spending 163.10 hours); and 59 hours in the Middlesex actions (with Attorney Kurnos spending 42 hours, Attorney Clement spending 14 hours, and Attorney Schacht spending 3 hours).
According to Attorney Kurnos’s affidavit, the Defendants’ insurer agreed to provide a defense to the Defendants under a reservation of rights, but would not agree to pay the customary and usual hourly rates of private counsel. Ultimately, Attorney Kumos agreed with the Defendants’ insurer to a blended rate of $250.00 per hour for the time charged by all three attorneys.
According to the affidavit of Robert A. Sherman (“Attorney Sherman"), a member of the Massachusetts Bar since 1978 and an experienced civil litigator, the time the defense team spent to uncover the fraud and the evidence necessary to prove it clearly and convincingly, was reasonable. Attorney Sherman further states that the rates charged by attorneys of Attorney Kurnos’s experience in the city of Boston are at least double the rate he charged in this case and that the blended rate of $250.00 per hour for the time charged by the team as a whole is not only fair and reasonable, but substantially below the market for similar services in Boston.
With respect to the number of hours spent, although Mr. Langadinos’s baseless claims in the Middlesex action diverted the defense team’s time and attention, from this case, a reasonable fee in this case takes into account only those hours actually spent in connection with the Suffolk action. With respect to the rate charged, although $250.00 per hour is below the market for comparable services in Boston, where that is the rate for which the defense team agreed to perform services, this Court finds such rate reasonable, notwithstanding that it is attended, albeit reduced, hourly rate.
There is also no question but that plaintiffs blatant and repeated disregard of this Court’s repeated directions to comply with Superior Court Rule 9A caused increased time and costs to the Defendants, likely as anticipated by the plaintiff. I accept the affidavit of Attorney Kumos concerning the work he did to “respond to plaintiffs fraudulent filings” (affidavit of Kumos at p. 4), investigate plaintiffs fraud and peijury in open court, draft oppositions to plaintiffs repeated “emergency” motions, and finally to establish plaintiffs fraud by clear and convincing evidence. I credit all the time he billed, excluding only 2 hours: 1.0 for a letter to Acadia on 9/6/11 and 1 hour on 7/19/11 for meeting with counsel for Acadia.[3]1 accept that but for the 2 hours mentioned above, all of Mr. Kumos’s time charges are fair and reasonable. I also accept that the time charges as described for Attorney Tanya Clement are also fair and reasonable, and I exclude only 2 hours she spent on 9/16/11, as that time relates only to the Middlesex case. I accept that all of the time as described by Attorney Phyllis Schacht is fair and reasonable and, like the accepted time charges of Attorneys Kumos and Clement, reasonably related to the fraudulent actions of plaintiff and their burden to establish that by clear and convincing evidence.
Therefore, the Court calculates a reasonable fee award as follows: 832.9 total hours in the Suffolk action at $250.00 per hour = $208,225.00.
II. Costs
A judge’s award of costs is also discretionary. Berman, 434 Mass. at 303. According to Attorney Kurnos, the expenses reasonably related to Mr. Langadinos’s fraud totals: $12,692.69 (with $298.67 for photocopies, $30.60 for postage, $485.28 for courier services, $220.00 for summons services, $3,544.30 *278 for transcripts, $10.00 for parking, $6,953.84 for professional services of outside counsel, $150.00 for deposition expenses, and $1,000.00 for expert fees of questioned document examiner).
As explained above, the Court does not allow costs incurred in connection with the Middlesex action. Further, the Court does not allow costs for which back-up documentation has not been provided or for expenses more properly characterized as overhead, see, e.g., Heath v. Silvia & Silvia Assocs., Inc., 2007 WL 3259150 at *4 (Mass.Super. 2007) (Henry, J.) (considering photocopying, postage and FedEx charges, telephone and fax charges, travel and parking expenses, meals, and Westlaw as unrecoverable overhead). Finally, where the Defendants have provided no affidavit as to why the services of James Bolán, Esq., outside counsel, were reasonably necessary, in addition to those of Attorney Kumos, Attorney Clement, and Attorney Schacht, the Court does not allow costs associated with his retention. Thus, the Court finds that the following costs are reasonable and therefore awards them: $4,767.30 (including $157.00 for summons services, $3,460.30 for transcripts, $150.00 for deposition expenses, and $1,000 for expert fees of questioned document examiner).
ORDER
Based on the foregoing,- it is hereby ORDERED that the Defendants be awarded $208,225.00 in attorneys fees and $4,767.30 in costs.

 As the court is inherently authorized to award attorneys fees and costs in this instance, it need not decide whether such authority would also arise from an alternative source such as a statute or rule of civil procedure.

 I have made a good-faith estimate from the larger time charges for those dates for multiple tasks.