The plaintiff, Marie Esler, secured a favorable judgment against the defendants after a lengthy litigation process. Although Esler failed to request attorney's fees immediately after the trial in Superior Court, she filed a petition for trial attorney's fees and costs once her award was assured. Esler now argues that the Superior Court judge abused her discretion in denying that petition. We agree and reverse.
Background. We summarize the procedural history in some detail. Esler was hired in 2003 by Massachusetts General Hospital (MGH) as a registered nurse. After Esler took consecutive leave periods in 2008-2009 under the Family and Medical Leave Act, 29 U.S.C. §§ 2601 et seq. (2012) (FMLA), her supervisor, Mary Sylvia-Reardon, hired another nurse to take Esler's position.
On March 11, 2010, Esler filed a complaint against Sylvia-Reardon and MGH in Superior Court, alleging claims including discrimination, retaliation for taking FMLA leave, wrongful discharge, breach of contract, tortious interference, and infliction of emotional distress. In the complaint, Esler included a request for costs and attorney's fees. The FMLA count was the only claim to survive motions to dismiss and for summary judgment, and a jury trial on that count began on June 10, 2013. The jury returned a verdict in Esler's favor on June 13, 2013, and judgment was entered on June 18, 2013, awarding Esler $567,500 in back pay and $672,686 in front pay.
On July 9, 2013, the defendants filed a motion for judgment notwithstanding the verdict (JNOV), or in the alternative, a new trial. Esler filed an opposition to the motion, which included a request for attorney's fees stemming from the opposition. The judge granted the JNOV motion, overturning the jury's verdict, and judgment for the defendants was entered on September 27, 2013. The judge's decision did not address the request for new trial.
Esler appealed, and a panel of this court issued an unpublished decision under our rule 1:28 on February 27, 2015, reinstating the back pay award to Esler, affirming the judge's rejection of front pay, and concluding that the judge "took no action on" the new trial motion. Esler v. Sylvia-Reardon, 87 Mass. App. Ct. 1107 (2015). On March 13, 2015, Esler filed separate petitions in this court for appellate and trial attorney's fees and costs. This court stayed action on both petitions after the Supreme Judicial Court (SJC) allowed Esler's application for further appellate review.
The SJC issued an opinion on March 9, 2016, affirming on the issue of front pay, reversing on the issue of back pay, and remanding "the case to the Superior Court for further proceedings with respect to the defendants' alternative request for a new trial." Esler v. Sylvia-Reardon, 473 Mass. 775, 782-783 (2016). Esler subsequently submitted a series of petitions to the SJC, seeking trial attorney's fees and SJC appellate fees, and to "renew" the fee petitions under stay in this court. On July 22, 2016, the SJC denied the trial court and SJC fee petitions without prejudice, and took no action on the request to renew the petitions in this court. In denying the SJC petition the court reasoned that, in light of the remand order, it "[could not] say with certainty that the plaintiff has emerged as the prevailing party on her FMLA claim." Regarding the petition for trial fees, the SJC observed:
"The appropriate forum for such a request is the Superior Court. See T & D Video, Inc. v. City of Revere, 450 Mass. 107, 116 (2007). We express no opinion as to the timeliness or reasonableness of any such request that may be filed. Those issues, and any claims or defenses that might be raised, including issues of waiver, may be litigated in the Superior Court."
When the judge denied the motion for new trial on August 10, 2016, and the defendants chose not to appeal, Esler's status as prevailing party was cemented. On September 8, 2016, Esler filed a "motion for status" in this court regarding the two fee petitions that had been stayed. Esler also submitted fee petitions to the Superior Court and to the SJC.
Esler's appellate fee petitions were successful. We awarded Esler attorney's fee and costs on December 1, 2016, and the SJC did the same on March 7, 2017. We declined to act on Esler's fee petition "associated with the proceedings below.... [T]hose fees are best considered in the trial court, where we understand Esler has already filed a petition for fees."
The judge held a hearing on Esler's fee petitions on October 20, 2016, and issued a memorandum of decision and order on December 28, 2016.[3] The trial fee petition was deemed waived and denied for "failing to petition [the judge] for attorney's fees at trial or by way of a post-trial motion." The judge relied on T & D Video, Inc., 450 Mass. at 115-116, as establishing "a procedure for seeking counsel fees (both trial court fees and interlocutory appellate fees) under federal fee-shifting statutes such as the FMLA." The judge also cited other jurisdictions' "standard of promptness and reasonableness ... so as to prevent fragmented appellate review and unfair postjudgment surprise or prejudice." Additionally, the judge cited Esler's failure to raise the fee request in her complaint with "appropriate particularity" and her lack of "justification for the delay in seeking trial fees." Esler timely appealed from the order denying her trial fee petition.
Discussion. The single matter before us is the judge's determination that Esler waived her right to collect trial attorney's fees under the FMLA. Decisions on requests for attorney's fees are reviewed for an abuse of discretion. See Beninati v. Borghi, 90 Mass. App. Ct. 556, 568 (2016). Abuse of discretion occurs where a "judge made a 'clear error of judgment in weighing' the factors relevant to the decision ... such that the decision falls outside the range of reasonable alternatives." L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). Since we conclude that no judicial or procedural rule governs the timeliness of the fee petition at issue, and since the filing delay was not unreasonable given the complexities and procedural history of this case, we reverse.
When a plaintiff is awarded a judgment under the FMLA, the court "shall ... allow a reasonable attorney's fee ... and ... costs of the action to be paid by the defendant." 29 U.S.C. § 2617(a)(3) (2008).[4] A plaintiff is considered a "prevailing party" under Federal fee-shifting statutes like the FMLA when there is a "material alteration of the legal relationship of the parties" (quotation omitted). Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Resources, 532 U.S. 598, 604 (2001).[5] In Massachusetts, the timeliness of an attorney's fee petition under a Federal civil rights statute is a question of State law. Society of Jesus of New England v. Boston Landmarks Comm'n, 411 Mass. 754, 756 (1992) (Society of Jesus ). However, there is no specific procedural rule in Massachusetts that addresses the timely filing of fee petitions in the trial court. See ibr.US_Case_Law.Schema.Case_Body:v1">id. at 756-757 ("The determination of timeliness is ... within the discretion of this court"). Generally, courts will ask whether the delay creates an unfair surprise or prejudices the other party. See White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445, 454 (1982) ; Dugan v. Board of Selectmen of Dartmouth, 413 Mass. 641, 643 (1992).
Here, notwithstanding the judge's thoughtful memorandum of decision, T & D Video, Inc. does not establish a procedure for seeking noninterlocutory trial court fees.[6] The rule outlined in T & D Video, Inc. applies to the timeliness of requests for interlocutory appellate attorney's fees under Federal fee-shifting statutes.[7] See T & D Video, Inc., 450 Mass. at 116. Likewise, the other cases cited by the judge in support of waiver are not controlling when the defendant has notice that attorney's fees will be sought by the plaintiff.[8] The SJC has made the same distinction when determining the timeliness of a fee petition in a Federal civil rights case. See Society of Jesus, 411 Mass. at 757 ("[Those cases] involve instances where no notice of the [prevailing parties'] claims for fees was given until after judgment. That element is lacking here" [emphasis in original] ).
Because we conclude that the defendants here received at least some notice that the fee issue would be raised, we do not think that Esler's fee petition was so unreasonably delayed as to constitute waiver. It is important to note that Esler did not idly stand by in her pursuit of attorney's fees. Soon after the entry of the initial judgment in her favor, her status as prevailing party was challenged and she was forced to respond to the JNOV motion. The grant of that motion revoked Esler's prevailing party status and nullified any impulse she may have had to file her petition earlier. When we reversed a portion of the JNOV in 2015, Esler submitted a petition for her trial court fees to this court, but remained unaware she had filed in the wrong court. It was only when the SJC denied her renewed petition for trial court fees that she was given notice of her obligation to file the fee petition in the Superior Court. Even then, the SJC had already remanded the question of a new trial to the Superior Court, which again threatened to nullify the jury's verdict. Esler's monetary award was only secure and final when the motion for new trial was denied and the defendants did not appeal. Esler filed the subject petition within thirty days of that denial. As a result, given the way the core issues of this case have been parsed throughout the appellate process, we cannot say that Esler's petition was unduly delayed.
Nor do we think that the defendants would have suffered unfair surprise or prejudice, since the FMLA places the defendants on notice that fees "shall" be awarded, and Esler has pursued attorney's fees and costs at multiple stages of the litigation. She requested attorney's fees in the initial complaint. See Society of Jesus, 411 Mass. at 757-758. She also moved for attorney's fees in her response to the JNOV motion, at the culmination of each level of appeal, and after the denial of the defendants' motion for new trial. See Dugan, 413 Mass. at 643 ; Society of Jesus, supra. To the extent the defendants claim that Esler's delay in filing her fee petition prejudices potential settlement discussions or impedes "the judge's ability to assess, from firsthand observation, the fair value of [the trial attorney's] services," there is no evidence in the record regarding either claim.[9] Contrast Baird v. Bellotti, 724 F.2d 1032, 1034-1037 (1st Cir.), cert. denied, 467 U.S. 1227 (1984) (discussion of unfair prejudice when filing of motion for attorney's fees was delayed). Here, even if Esler had filed her fee petition soon after the jury verdict, the judge very likely would have delayed ruling on that petition, given the pending JNOV. The JNOV was reversed in part by this court seventeen months later. Nevertheless, even if we assume some minimal prejudice exists, on these facts, we believe it to be outweighed by the strong public policy undergirding the award of attorney's fees provided for in the statute. See Riverside v. Rivera, 477 U.S. 561, 575-579 (1986).
Because there is no set rule governing the timeliness of the trial fee petition at issue here, and because we do not agree that Esler's petition unfairly surprised or prejudiced the defendants, the denial of the trial fee petition is reversed. Accordingly, we remand the matter to the Superior Court for proceedings consistent with this memorandum and order.
Esler's request for attorney's fees and costs associated with this appeal is allowed. Within fourteen days of the date of the rescript, Esler may submit a petition for attorney's fees and costs, along with the necessary supporting materials. See Fabre v. Walton, 441 Mass. 9, 10-11 (2004). The defendants may have fourteen days thereafter to file their response.
Paragraph 1 of the order dated December 28, 2016, is reversed and the matter is remanded for further proceedings consistent with this memorandum and order. Paragraph 2 of the order is affirmed.

Esler's attorneys filed two petitions for fees and costs in Superior Court after the motion for new trial was denied. One petition was filed by Esler's trial attorney (trial fee petition). A separate petition was filed by the attorneys who represented Esler in opposing the motion for new trial on remand (new trial motion fee petition). The judge ruled on all the petitions in an order dated December 28, 2016, denying the trial fee petition in paragraph 1, and allowing in part and denying in part the new trial motion fee petition in paragraph 2. Only the judge's ruling denying the trial fee petition (paragraph 1 of the order) is before us, and we need not discuss her ruling in paragraph 2.

Federal courts have held that an award of attorney's fees is mandatory if the plaintiff, as here, wins a favorable judgment under the FMLA. See Clements v. Prudential Protective Servs., LLC, 659 F. App'x 820, 825 (6th Cir. 2016) ; Marez v. Saint-Gobain Containers, Inc., 688 F.3d 958, 965 (8th Cir. 2012) ; Franzen v. Ellis Corp., 543 F.3d 420, 430 (7th Cir. 2008) ; McDonnell v. Miller Oil Co., 134 F.3d 638, 640 (4th Cir. 1998).

See Walsh v. Boston Univ., 661 F. Supp. 2d 91, 94 (D. Mass. 2009) ("Under [FMLA], fee-shifting is the law, not the exception, so long as the prerequisites of [Buckhannon Bd. & Care Home, Inc.] are met").

We leave for another day whether the framework outlined in T & D Video, Inc. could feasibly work if extended to noninterlocutory orders and judgments.

See T & D Video, Inc., 450 Mass. at 113 ("We first address the appropriateness of awarding T & D its interlocutory appellate attorney's fees and costs under 42 U.S.C. § 1988 [b], and then outline the procedure for the request for, and award of, such fees and costs in the future"). See also id. at 115 ("We now clarify the procedure for parties seeking interlocutory appellate attorney's fees and costs under 42 U.S.C. § 1988 [b] and similar Federal fee-shifting statutes").

The judge cited T & D Video, Inc., 450 Mass. at 115-116 ; Milton v. Civil Serv. Comm'n, 365 Mass. 368, 379 (1974) (effect of consent decree, not raised in trial court, could not "be raised for the first time before this court"); and Karaa v. Yim, 86 Mass. App. Ct. 714, 724 (2014) (there was no indication in record that plaintiff introduced any evidence of attorney's fees at trial or via posttrial motion), in support of her ruling that Esler waived her right to attorney's fees by failing to submit a petition "at or near the time of the verdict."

The issue of "unfair prejudice" was addressed briefly at oral argument and in a single sentence of the defendants' brief, with two accompanying footnotes.